# Collum, *et al. v.* Price.

## *Ejectment.*

(Decided December 4, 1913.   64 South. 88.)

1. *Wills; Foreign Probate; Evidence of Title.*—The proof of title to real estate in this state must be by will probated in this state; the will with mere record of its probate in another state, though filed in a probate court of this state, proves nothing in that respect.

2. *Same; Sufficiency of Probate.*—The record of the probate of a will not showing the contents of the will, but merely showing the testatrix, cannot be aided, as evidence of title to real estate under the will, by a mere subsequent petition for probate of such will, with the will annexed, in the absence of a decree substituting this as the record on which the decree of probate is based.

3. *Same; Evidence of Title.*—In order to prove title to real estate under a will the record of its probate, or the will endorsed with the certificate of the probate judge as provided by sections 6189, 6190, Code 1907, must be introduced.

APPEAL from Cleburne Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by Blake B. Price against D. M. Collum and others. Judgment for plaintiff and defendants appeal. Reversed and remanded.

. BLACKWELL & AGEE, and J. B. STEPHENS, for appellant. Until the will was admitted to probate in Alabama it had no efficacy to pass title to real estate in this state, except in the manner provided by sections 6189-6191, Code 1907.—*Goodman v. Winter,* 64 Ala. 410; *Dickey v. Vann,* 81 Ala. 425; *Brock v. Frank,* 51 Ala. 85; *Ward v. Oates,* 43 Ala. 515. Before such a will could be probated here it must be shown and found that the signature of the testator was attested as required in this state.—*Woodruff v. Hundley,* 133 Ala. 395; *Doe v. Pickett,* 51 Ala. 587; section 6172, Code 1907.

MERRILL & MERRILL, for appellee.  No brief reached the Reporter.

SAYRE, J.—In an action of ejectment to recover a parcel of land in Cleburne county, plaintiff (appellee) was allowed to trace her title back through H. H. McNeely, Mary C. Hall, and William T. Fields.  This she did in part by offering certain proof of the last will and testament of Mary C. Hall by which she devised the property in suit to "Henrietta Maria Hall, wife of J. D. McNeely," who, thereafter, as the evidence indisputably shows, styling herself as H. H. McNeely, had made a deed to plaintiff.  There was objection to the proof of the will, and this and some other rulings of minor importance are assigned for error.

We are constrained to hold that there was nothing to show the probate in this state of the will offered in evidence, and hence that it was erroneously received as a muniment of plaintiff's title.  At and before her death Mary C. Hall was an inhabitant of the state of North Carolina.  Plaintiff offered in the first place a properly certified transcript of the record of a proceeding for the probate of the last will and testament of Mary C. Hall in the superior court of Rowan county, N. C., exhibiting a copy of the will and of the decree ordering its probate.  There is some confusion in respect to this transcript.  As we read the record before us, it was filed in the probate court of Cleburne county September 1, 1910, though the certificate of authentication under the hand of the clerk of the superior court of Rowan county is dated August 29, 1911.  The exemplified decree of the Carolina court purports to bear date November 7, 1902.  It is entirely clear that this record and its filing in the office of the probate judge of Cleburne county proved nothing in the courts of this state touching or

concerning the title to real estate.—*Goodman v. Winter*, 64 Ala. 410, 38 Am. Rep. 13.  We infer that the transcript of the proceeding and decree of the Carolina court was filed in the Alabama court (the probate court of Cleburne) with a view to the exigencies of this suit, which was then pending, and with the purpose of piecing out the record of a judgment of the probate court of Cleburne county to be mentioned presently. While defendant's objection to the admission of this transcript in evidence was under consideration, plaintiff was allowed to introduce a decree of the probate court of Cleburne, of date July 31, 1903, admitting to probate and ordering to be recorded a copy of the last will and testament of Mary C. Hall, deceased.  So far as appears, this decree in and of itself constitutes the entire record of the proceeding had in the probate court of Cleburne county in 1903.  Reference to it will disclose a recital that W. B. Strachan had filed his petition in writing, together with an instrument in writing purporting to be the last will and testament of Mary C. Hall, deceased, and a duly certified copy of the probate thereof in the superior court of Rowan county, N. C., praying for such orders, decrees, and proceedings as might be proper and requisite for the due probate and record of said will in said probate court of Cleburne. It further recites a finding, upon inspection of said petition and certified copies, that said testatrix was not an inhabitant of this state at the time of her death, and that her will had been duly probated in the superior court of Rowan county, and concludes by ordering, adjudging, and decreeing that "said will of said Mary C. Hall, deceased, be received, and the same is hereby declared to be duly admitted to probate to be received together with all other papers on file relating to this proceeding."

In this state, the probate courts have original, general, and unlimited jurisdiction of the probate of wills, whether of real or personal estate.—*Hall v. Hall,* 47 Ala. 295. The sentence of probate, being in rem, is conclusive, in all other than direct proceedings for its vacation or reversal; and, as matter of evidence, is as indispensable to the force and effect of a devise of realty as to a bequest of personal property.—*Goodman v. Winter, supra.* Taking as true the recitals of the decree of probate rendered in the court of Cleburne county, that court had jurisdiction in the premises, and all questions in respect to that decree, and the proceeding leading up to it, possibly resolvable in favor of their validity, must be so resolved. See authorities cited to this point in *Blacksher Co. v. Northrup,* 176 Ala. 190, 57 South. 743, 42 L. R. A. (N. S.) 454. And so it must be accepted that in 1903 the last will and testament of Mary C. Hall was admitted to probate in the probate court of Cleburne county, Ala. But unfortunately, we have no reliable means of knowing what disposition that will made of the property in controversy. The decree of probate does not disclose the dispositions of the will—that was not to be expected. Nor, so far as appears, was the will spread upon the records of the court; nor have the original petition and its exhibits, upon which it may be assumed the probate court then acquired jurisdiction and proceeded to a decree, been produced. The transcript of the record of the Carolina court, including a copy of the will of Mary C. Hall, deceased, was originally used, it seems, as an exhibit to a petition filed in the probate court of Cleburne in 1911—possibly 1910—for the probate of said will. But it does not appear in the record before us that any action was ever had on that petition. The decree of 1903 cannot be referred to the petition of 1910, nor, in the absence of a decree of substitution, can the petition of 1910 be

taken as a substituted record of the petition and exhibits upon which the decree of 1903 was based. In short, our entire information as to the contents of the will of Mary C. Hall, deceased, who was at and before the time of her death an inhabitant of the state of North Carolina, is derived from a certificate of the Carolina court in which her will was probated. Most likely the copy of the will there set out is a copy of the will which was probated in Cleburne county in 1903, but the law requires that proof of the fact be found in the records of a court of this state competent to adjudicate conclusively the issue of will or no will, viz., the court of probate, or that the will itself must be produced having indorsed thereon a certificate of a probate judge of this state, setting forth, in substance, that such will has been duly proved and recorded, with the proof, specifying also the date of the probate, the book in which, and page or pages on which it is recorded.—Code, §§ 6189, 6190. The court had no authority to accept other proof no matter how satisfactory in a general way the inferences it may have afforded. The alleged will could not be established as a will in the circuit court. The decree of the probate court of Cleburne county, in the absence of a record identifying the subject-matter of that decree, i. e., not only the identity of the testator, but also the contents of the will, meant nothing of consequence in the case sub judice. The evidence offered and allowed furnished no legal proof of the contents of the last will and testament of Mary C. Hall under whom plaintiff claimed, and its allowance as sufficient, competent, proof of her title was error.

There is no other error in the record.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.