7 So.2d 764

**HALL et al. v. PROCTOR et al.**

8 Div. 122.

Supreme Court of Alabama.

April 16, 1942.

Wm. Russell Wright, of Hartsville, Tenn., and Ed. D. Johnston and Geo. P. Cooper, both of Huntsville, for appellants.

Lanier, Price, Shaver & Lanier, Griffin & Ford, W. F. Esslinger, and Francis Esslinger, all of Huntsville, and Roy L. Mitchell, of Tullahoma, Tenn., for appellees.

640

BOULDIN, Justice.

The original bill, filed in March 1937, sought to contest the will of Virginia K. Hall, deceased, after probate, in the Probate Court of Madison County. Our statute reads: "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by bill in equity in the circuit court in the county in which such will was probated." Code of 1940, Title 61, § 64.

The litigation down to the final decree of March 17, 1941, sustaining demurrers to the bill as last amended and dismissing the bill, has been directed to one question: Does the bill as amended disclose that complainants are parties entitled to contest under above statute?

The cause was here on former appeal from a decree dismissing the bill for want of prosecution. The decree was reversed and cause remanded for reasons stated in the opinion. Hall et al. v. Proctor et al. 239 Ala. 211, 194 So. 675, 676. As a background for the later proceedings now for review we quote at some length from that opinion:

"A further ground of the motion to dismiss the appeal is that this is now a moot case, and no relief can be had, if reversed and remanded. This insistence is based on these facts: The bill is to contest a will in equity after due probate in the Probate Court.

"By the amended bill complainants claim as heirs and distributees of decedent; but further discloses they are collateral next of kin, viz: One an aunt of the testatrix, the others first and second cousins.

"The point is made that in such case, the aunt alone is the next of kin, and the cousins not heirs or distributees under our statutes of descent and distribution.

"This is a correct legal proposition. The aunt is nearer of kin than cousins under our statutory rule. Code, § 7368 [Code 1940, Tit. 16, § 4]. These cousins cannot take by representation. There is no representation among collateral kin beyond the descendants of brothers and sisters of decedent. Code, § 7367 [Code 1940, Tit. 16, § 3]; Danzey v. State, 126 Ala. 15, 28 So. 697.

"It further appears that the aunt, one of contestants, died during the pendency of the suit. Her right of contest was personal; it died with her, and was not subject to revivor. No effort was made so to do. Ex parte Liddon, 225 Ala. 683, 145 So. 144; Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470.

"But the bill alleges the decedent was a resident of the State of Tennessee at the time of her death. The will purports to dispose of personalty, and also real estate situated in Tennessee. The laws of the State of Tennessee are not disclosed by the record, either the laws of descent and distribution, or the laws touching the probative effect of the record of probate in Alabama.

"So, it does not affirmatively appear that these cousins of decedent would not take as heirs, or distributees, or both, if there be no will. We are not dealing with the showing, in pleading and proof, required in the further progress of the cause. We are merely saying, it does not conclusively appear the case has become moot."

When the cause was remanded, the bill was dismissed as to complainant, Lula E. Miller, on motion of respondents.

Thereupon, demurrers were interposed to the bill, as thus amended, raising in numerous ways the question of proper parties complainants.

The pertinent averments of the bill at that stage appeared in Section [1] of the original bill, and paragraph 9, added by amendment, which read:

"1. That Virginia K. Hall, late a resident citizen of the County of Coffee, State of Tennessee, departed this life in said County and State, on or about the 29th day of March, 1937, leaving assets consisting of real and personal property both in the County of Coffee, State of Tennessee, and in the County of Madison, State of Alabama, and leaving surviving her, no issue, having never been married, and that your orators are the next of kin and heirs at law entitled to share in the distribution of her said estate."

"9. The complainant, Millard F. Hall is a first cousin, the complainant, Eva Chapman, a second cousin, the complainant, Betty Reese, a first cousin, Alfred R. Dalton, a second cousin, Gladys D. Stafford, a second cousin, Irby Dalton a second cousin, Mrs. Joe D. Hankins a second cousin, Annie L. English, a second cousin, Mildred Key Clark a third cousin and Edward Key a third cousin of Virginia K. Hall, deceased;

"Lula M. Miller is an aunt of Virginia K. Hall, deceased, and Clare M. O'Neal a first cousin and Henry Miller a first cousin of Virginia K. Hall, deceased."

■■ There was no error in the decree of June 3, 1940, sustaining demurrers to the bill as thus amended. The statute, supra, conferring the right to contest in equity is available to any person, who would take by descent in case of intestacy. Having an interest as heir or distributee, in an estate which would pass under the will, if valid, constitutes the "interest in the will," which entitles such person to contest its validity when it is propounded for probate. This right is preserved to him by our statute, if he did not contest at the time of probate.

■ But the bill must aver facts, which, against apt demurrer, sufficiently discloses such interest. The lands of an intestate descend under the lex rei sitae; the personalty under the law of the domicile. It follows that the lands in Alabama, if no valid will, descended to the aunt alone. She alone could contest in equity by reason of the landed estate in Alabama. This right died with her. It could not pass to her descendants, nor to those becoming next of kin of decedent upon her death. The whole of the personal property and the lands in Tennessee, if decedent died intestate, passed under the laws of descent and distribution of the laws of Tennessee.

■■ As said on former appeal, these laws must be pleaded. The law of another state is a fact to be pleaded as other facts. A statement of what the law is, or a setting out of the law of the other state sufficiently disclosing its application to the case in hand is the requirement of good pleading.

■ This was not done. The averment "that your orators are the next of kin and heirs at law entitled to share in the distribution of her said estate" was no more than the conclusion or opinion of the pleader as to property rights passing under such laws. Demurrers raising this point were properly sustained. Cubbedge, Hazlehurst & Co. v. Napier, 62 Ala. 518; Forsyth et al. v. Preer, Illges & Co., 62 Ala. 443; Dawson v. Dawson, 224 Ala. 13, 138 So. 414; Smith v. Blinn et al., 221 Ala. 24, 127 So. 155; State ex rel. Gambill v. McElroy, Judge, 220 Ala. 452, 125 So. 903.

The bill was again amended June 13, 1940.

This amendment recast Section 1 of the original bill, and added Paragraphs 10, 11, 12 and 13, which appear in the report of the case.

Demurrers were sustained to the bill as thus amended by decree of September 20, 1940.

What is said above applies to amended section 1 and Paragraphs 10 and 11, and needs no further comment.

Paragraph 12 purports to set out by exhibit thereto the statutes of Tennessee, under which complainants claim as heirs and distributees of the estate passing under the laws of Tennessee in case of intestacy.

But the exhibit deals only with descent of lands situated in Tennessee.

 The court rendered an opinion in support of his decree dealing with the bill as thus amended, saying, among other things:

"The probate of the will in Alabama may be conclusive or controlling as to distribution of personal property wherever situated, but is not so controlling as to the descent of real estate situated in Tennessee. 68 C.J. p. 919, Sec. 657; 68 C.J. p. 1242, Sec. 1100; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442.

"Hence Paragraph 12 of amended bill of complaint is immaterial. Exhibit 'B' containing the Tennessee statutes of laws governing descent and not distribution, and the demurrer to such Paragraph 12 is well taken and should be sustained.

"There being no allegation in the bill setting forth the law of Tennessee as to distribution of personal property, the Court will presume or assume that such law is similar to the Alabama Statute."

There was no error in this ruling. See, also, Collum v. Price, 185 Ala. 556, 64 So. 88; Goodman v. Winter, 64 Ala. 410; Blacksher Co. et al. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L.R.A.,N.S., 454.

The law is well stated in 11 Am.Juris. 328, § 30: "A principle of law which is acquiesced in by the jurists of all civilized nations and thus part of the jus gentium is that all real or immovable property is exclusively subject to the laws of the country within which it is situated, and no interference with it by any other sovereignty can be permitted. Therefore, all matters concerning the title and disposition of real property are determined by what is known as the lex loci rei sitae, which can alone prescribe the mode by which a title to it can pass from one person to another or an interest therein of any sort can be gained or lost. This general principle includes all rules which govern the descent, alienation, and transfer of such property and the validity, effect, and construction of wills and other conveyances."

Again, after stating the effect of a foreign probate as touching personal property, this authority proceeds: "The rule is otherwise as to real estate, since a devise of land will not be effectual unless made and proved according to the lex rei sitae. For this reason the mere fact that a will has been admitted to probate in another state is not conclusive of its execution and proof in the manner required by the lex rei sitae. Some cases deny the effect on real estate, on the ground that the court of original probate had no jurisdiction over real estate in another state. Hence, the validity of a will may be contested where the land is situated, though probated in another state and notwithstanding it is presumed that the decree of another state probating the will is correct and that the court had jurisdiction. Other decisions hold that the judgment of the court of one state probating a will does not purport to have the credit or effect, even in that state, of affecting real property situated in another. Consequently, for the state in which the real property is situated to disregard the decree of probate is not a denial of the full faith and credit to which the decree of probate is entitled. There is, however, a minority view on the general question, under which a few courts take the view that the full faith and credit clause does require that the decree of probate be given effect in other states even as to real estate." 11 Am.Juris. 485, 486.

Whether the foreign probate of a will is conclusive as to personal property against a domiciliary personal representative we need not consider.

 It is now suggested in brief that the State of Tennessee has adopted the Uniform Wills Act, Code 1932, § 8113 et seq., dealing with the foreign probate of wills modifying the general rule of law on the subject. No such statute is pleaded. We have no occasion to construe the same. There was no error in the decree of September 20, 1940.

Thereafter, the bill was still further amended.

 Paragraph 13 of the bill as before amended was now amended to read: "'13. That after the death of the said Virginia K. Hall, and before that certain instrument in writing purporting to be the last will and testament of Virginia K. Hall, deceased, bearing date May 26, 1922, was admitted to probate as the last will and testament of Virginia K. Hall, deceased, in the Probate Court of Madison County, Alabama on May 3, 1937, each of the Complainants acquired a vested interest from Lula E. Miller in the real and personal property belonging to the estate of Virginia K. Hall, deceased, by an instrument in writing executed by the said Lula E.

Miller and the other complainants in this cause, and prayed to be taken as part hereof as fully and completely, as if set out herein."

The exhibit was a contract entered into after the will was propounded for probate, looking to a contest of the will.

The aunt, Lula E. Miller, and the several cousins of decedent who later joined as parties complainant in the bill were parties thereto. For present purposes it is sufficient to say that by this instrument joint counsel were employed to contest the will and the parties pooled their interests, or supposed interests in the entire estate, stipulated that, in the event the will was successfully contested, each of the parties should take a specific fractional share of the entire estate, after payment of expenses. The agreement concluded: "And all of the parties hereto hereby each convey to the others their heirs and assigns all of the assets of which the said Virginia K. Hall died seized and possessed of including both real estate and personal property situated both in the State of Alabama and the State of Tennessee in proportion as above set out."

In Elmore v. Stevens, 174 Ala. 228, 57 So. 457, we held that a third person who, in good faith, purchases lands from one deriving title as an heir at law before any will is probated, may contest a will afterwards propounded for probate, and which, if probated, would defeat the title of such purchaser. See, also, Braasch et al. v. Worthington et al. 191 Ala. 210, 67 So. 1003, Ann.Cas.1917C, 903; Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470; Cain v. Burger, 219 Ala. 10, 121 So. 17.

We are of opinion the instrument here presented does not bring the case within the principle of these cases.

It proceeds upon the assumption that all the parties were heirs or distributees entitled to contest the will.

As for the averments of the bill, as amended, the aunt was the sole heir and distributee whose property rights would be affected by the result of a contest. The agreement, in effect, would pass a contingent interest to those cousins of decedent, the sole contestants after the death of the aunt. Their interests, of necessity, were conditioned upon a successful contest. To vest in them a right to contest in this manner would be out of keeping with the spirit and purpose of the statute.

Nor do we hold such was the contemplation of the parties when the agreement was entered into.

Having given full and repeated opportunity to amend by setting up facts entitling these appellants to contest, the court was not in error in dismissing the bill as incapable of amendment.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.