# Thompson v. Rainer.

## Contest of the Probate of a Will.

1.   *Contest of will; sufficiency of allegation of ground of contest.*—Upon the contest of a will, the first step to be taken is proof by the contestee of its due execution ; and an allegation as a ground of contest, that "the supposed will was not duly and legally executed" is sufficient as constituting a valid ground of contest, and calls for proof of the validity of the execution of the will.

APPEAL from the Probate Court of Bullock.

Heard before the Hon. S. T. FRAZER.

The proceedings in this case arose upon the contest of the will of J. D. Conyers, deceased, which was filed for probate by the appellee, S. P. Rainer, who was named as executor of said will. The appellant, Mrs. M. F. Thompson, alleging that she was the sister of the deceased, filed her contest to the probate of the will, assigning many grounds therefor. The record contains no bill of exceptions, and the appeal presents simply the rulings of the court below in sustaining the first and second grounds of demurrer interposed to the first ground of contest, which was filed by the appellant, Mrs. M. F. Thompson. The first ground of contest was as follows : "1st. That the supposed will was not duly and legally executed." To this ground of contest the proponent demurred upon the following grounds : 1st. Because it does not show how said will was not duly and legally executed ; and, 2d, because it does not set out wherein or in what respect said will was not duly and legally executed. These grounds of demurrer to the first ground of contest were sustained, and on the hearing of the cause, the court rendered a decree admitting the will to probate. From this decree the contestant appeals, and assigns as error the sustaining of the demurrer to the contestant's first ground of contest.

E. P. MORRISSETT, JINKS & COPE and M. M. BALDWIN, for appellant, cited *Barksdale v. Davis*, 114 Ala. 623.

[Thompson v. Rainer.]

ERNEST L. BLUE, J. D. NORMAN and D. S. BETHUNE, *contra.*—The first ground of contest was insufficient and the demurrer thereto was properly sustained. The only effect of the allegation was to put the contestee on proof of the due execution of the will, in a proper manner, and this proof was made by him, without objection on the part of the appellants.—Code of 1886, § 1979; *Scarbrough v. Borders*, 115 Ala. 436; *Railroad Co. v. Trammell*, 93 Ala. 350; *Payne v. Crawford*, 102 Ala. 387; *Middleton v. Wilson*, 84 Ala. 264.

McCLELLAN, J.—Under the decision of *Barksdale et v. Davis et al.*, 114 Ala. 623, there is no escape from the conclusion that the probate court erred in sustaining proponent's demurrer to contestant's first assignment of ground of contest; that statement of the ground of contest was in all respects sufficient.

This error must work a reversal of the judgment unless it affirmatively appears that no injury resulted from the error to the contestant. This can not, in our opinion, be affirmed on the record before us. The effect of the ruling was to leave no issue before the court as to the due execution of the will upon which the contestant might have adduced evidence contravening the *prima facie* case of due execution made by the testimony of the subscribing witnesses. It may well be that the contestant had no such evidence but we do not and can not know this; and it can not, therefore, be said that the presumption of injury arising from error is overturned or rebutted by the record. The mere fact that the subscribing witnesses deposed to facts showing due execution did not authorize contestant to introduce evidence to the contrary in the absence of an issue on that point, nor would the testimony of such witnesses foreclose the issue had it been presented; but contestant would have had the right to bring forward other evidence going to show that the alleged testament was not duly executed. This right was denied him by the erroneous ruling of the court, and there is nothing in the record which would enable us to say that the right was of no value, and hence that contestant's deprivation of it was not injurious to him.

The judgment of the probate court must be reversed. The cause is remanded.

Reversed and remanded.