# Lockard *et al.* v. Stephenson.

### *Contest of the Probate of a Will.*

1. *Contest of probate of a will; construction of statute.*—In the statute providing that a will may be contested before probate thereof "by any person interested therein or by any person who, if the testator had died intestate, would have been an heir or distributee of his estate" (Code of 1896, § 4287 ; Code of 1886, § 1989), the words *"any person interested therein"* include only such persons as would take an interest in the estate of the testator under or by virtue of the provisions of the will.

2. *Same ; judgment creditors of husband of testatrix not entitled to contest probate of will.*—Judgment creditors of the husband of a testatrix have not, under the statute (Code of 1896, § 4287), such an interest as gives them the right to contest the probate of the will of t..e testatrix, by which a child is made the sole legatee and devisee and the husband is deprived of his distributive share in the property of his wife.

41

[Lockard, *et al.* v. Stephenson.]

APPEAL from the Probate Court of Pike.

Heard before the Hon. W. J. HILLIARD.

The facts of the case are sufficiently stated in the opinion.

R. L. HARMON, for appellant.—It has been decided by this court that to entitle one to contest a will, it is not necessary that he should be an heir or legatee under the will sought to be contested ; and it is held in that case, that one who is a beneficiary under a subsequent will, having no interest in the estate, and not being an heir, might contest the alleged prior will upon the ground that its admission to probate would affect the interest of a beneficiary under the subsequent will, since the admission to probate of the first will would destroy the interest which contestant would have under the alleged second will. *Eo converso*, the denial of the probate of the alleged first will, would leave intact the interest bequeathed to the contestant under the alleged last will. *McCutchen v. Loggins*, 109 Ala. 457. The principle decided in this case, is the same as the principle contended for by appllants. If the alleged will offered for probate be admitted to probate, the lien of appellants on the property which they have by virtue of their judgments against J. T. Stephenson, is destroyed. On the contrary, if the alleged will is a forgery, or never was duly executed by Mary P. Stephenson, then she died intestate, and appellants' lien on the property belonging to her estate, which descended to J. T. Stephenson, remains in full force and effect.—*Speer v. Banks*, 117 Ala. 264.

The precise question presented in this case was decided in accordance with the contention of the appellants in the case of *In re Langevin*, 47 N. W. Rep. (Minn.) 1133.

Probate and chancery courts have concurrent jurisdiction of the trial of contests of wills—the only difference being that in the chancery court the contest must be after the probate of the will, (Code, 1886, § 2000), while in the probate court the will must be contested when offered for probate by the proponent.—Code of 1886, § 1989. At common law there was no mode of contesting

[Lockard, *et al.* v. Stephenson.]

will a except by a suit between the parties; if real estate, it was by an action of ejectment, and the validity of the will could be attacked collaterally. The chancery court has no jurisdiction to try a case contesting the validity of a will, except by virtue of the statute.— *Watson v. Turner,* 89 Ala. 220; Pomeroy Eq. Jur., § 913.

If the alleged will in this case might be contested in the chancery court, or a bill be filed to have it cancelled upon the ground that it was a forgery, or an obstruction to the rights of the judgment creditor, then it might likewise be contested in the probate court where the contest was instituted before the probate of the will.

HUBBARD & HUBBARD, *contra.*—The judgment creditors of the husband of the testatrix had no such right as authorized them to contest the probate of the will of a deceased wife.—Code of 1896, § 4287; *Estate of Shepard,* 170 Pa. St. 323; 32 Atl. Rep. 1040; *In the matter of the Will of Brown,* 47 Hun. 360; *McCreary v. Jones,* 96 Ala. 592; *Brown v. Com. Fire Ins. Co.,* 86 Ala. 189.

TYSON, J.—The sole devisee and legatee, Myrtle Stephenson, under the last will and testament of her mother, Mary P. Stephenson, propounded said instrument for probate in the probate court of Pike county. Appellants filed a contest seeking to impeach its validity, alleging as their right to do so, in effect, that they have a lien as judgment creditors of J. T. Stephenson, the husband of the testatrix, who is wholly insolvent; that by reason of said will their debtor is deprived of his distributive share in the property of his wife; that Mary P. Stephenson died seized and possessed of real and personal property, and but for said will their debtor's distributive share in said property would be subject to the payment of their debts; and that, therefore, they have such an interest as that gives them the right to institute the contest.

Demurrers sufficiently raising the question of their right to file and prosecute the contest were sustained by the probate court, and from this decree appellants appealed. Section 4287 of the Code of 1896, (Code of 1886, § 1989), provides: "A will, before the probate

thereof, may be contested by *any person interested therein*, or by any person who, if the testator had died intestate, would have been an heir or distributee of his estate by filing," etc. It is very clear that unless appellants are within that class of persons included in the words "*interested therein*," they cannot be heard to complain of the probate of the will.

The contention of appellants is, the words "interested therein" refer to the estate of testatrix, and include every person having an interest in the property attempted to be devised by the will or otherwise, and is not restricted to those named in the will. In other words, every person who would have had any interest in the property of Mrs. Stephenson, should she have died intestate, are included in the words above italicized. If the section of the Code above quoted did not contain any other provision conferring the right of contest upon others, who may not be designated in the will, there might be some merit in the contention. But it will be observed that it expressly names the class of persons though not named in in the will, who may contest it. These persons are those, "who if the testator had died intestate would have been an heir or distributee of his estate;" clearly demonstrating that the legislature construed the words "interested therein" as referring to and including only such persons as took an interest in the estate of testatrix under and by virtue of the provisions of the will.

But conceding for the sake of the argument that these words are susceptible of the construction contended for by appellants, as judgment creditors with a lien of the husband of Mrs. Stephenson, have they such an interest as will authorize them to institute and maintain this contest?

It is fair to presume, and indeed it appears as to one of the appellants, that when J. T. Stephenson contracted these debts the testatrix was in life. The property was hers and she had the absolute right of disposition over it up to the very moment of her death. There was not the semblance of privity between her and her husband's creditors; she could make such disposition of her entire estate by deed, gift or will as she chose. Her husband

[Lockard, *et al.* v. Stephenson.]

had only an expectancy, which might or might not ripen into a vested interest or right, dependent upon his surviving her and her failure to dispose of her property during her life or by will, to take effect at her death. These expectations, while they may have inspired the hopes of his creditors, were not such an estate or interest as they could subject to the satisfaction of their demands. And however strong may have been the expectations of the husband or those of his creditors, he had no legal estate in expectancy; such an estate is a present vested right contingent only as to possible future enjoyment. A mere expectation that the wife will make a will in her husband's favor, or will neither give nor grant the estate in her lifetime, and thereby a portion of all will descend to him, is without substance as a present right and incapable of estimate as to future value.

It may be conceded that in a certain sense a creditor is interested in the acquisition of property by his debtor, for the latter's ability to pay depends upon the value of his assets which the debtor can appropriate to the payment of, or the creditor can by legal instrumentalities subject to the satisfaction of, his debt. In this sense the creditor is interested in the successful and business prosperity of his debtor. Every enterprise or venture engaged in by him increases or diminishes the chances of the creditor to have his debt paid; yet, it cannot be seriously contended that the creditor has the right to institute suits against the debtors of his debtor to enforce the breaches of those contracts, or compel his debtor to do so, however much the collection of his debt may be prejudiced. He has in no sense of the words such a tangible interest as would confer upon him, as "any person interested therein," the right of a suitor. Furthermore, if these creditors have any standing as parties interested, it must be by a theoretical substitution to the rights of the husband as one of the distributees in the estate of the wife had she died intestate. Assuming that on a contest at the instance of the husband the will could be set aside, how can he be compelled to institute or carry on such a contest? If the wife had tendered him as a gift either land or personalty, could his acceptance be compelled, in the interest of creditors, if he chose to de-

cline the gift? Both of these inquiries must be answered adversely to appellants' contention. And the fact that appellants might have a lien upon the property described in the will, in the event the husband would contest it successfully, does not give them the legal right to coerce him to institute the contest; and his failure or refusal cannot subrogate them to this right.

In the views we have expressed we are supported in a very able and elaborate opinion of the Supreme Court of Pennsylvanie in the case of *Harriet v. Shepard's Estate*, 170 Pa. St. Rep. 323. In that case a creditor of a son of the testator, for whom no provision was made, instituted the contest under the statute of that State requiring that "whenever a *caveat* shall be entered against the admission of any testimentary writing to probate, and the person entering the same shall allege as the ground thereof any matter of fact touching the validity of such writing, it shall be lawful for the register, at the request of *any party interested* to issue a precept," etc. The court said : "We are of opinion that the creditor of an heir is not a party interested, as designated by the statute. We will not undertake, in the absence of express legislation, to give such scope to this language as claimed for it; will not invite every disappointed creditor of every heir to contest the will of a parent who has attempted to provide for those dependent for subsistence on a thriftless son. For no line can be drawn which will limit the grounds of contest, if a creditor of an heir be a party interested; incapacity, undue influence, as well as fraud may be alleged by one of hundreds of creditors ; such an interpretation would increase indefinitely the number of litigants ;. it would be in the power of any one to tie up large estates although the inest of the debtor heir might be comparatively small. If the estates of the dead are to be subjected to such perils, the legislature must open the door, and that by language of no doubtful import." See also *Cochran v. Young*, 104 Pa. St. 333 ; *In the matter of the will of M. Louise Brown*, 54 Sup. Ct. Rep. (47 Hull) N. Y. 360.

We have examined carefully the case of *In re Edward Langevin*, 45 Minn. 429, relied upon by appellants. This case is in conflict with what we have said, and an author-

ity for appellants' contention. The judge delivering the opinion rests the conclusion upon the sole proposition that a "judgment creditor has always a right to assail or defend against anything which may divest his lien," that "the right to resist the probate is not materially different in principle from that of a judgment creditor to assail a prior forged or fraudulent deed, apparently conveying the lands of the judgment debtor." In the first of these propositions, he assumes that the debtor has such an interest in the property of the testatrix as can be subjected to the payment of his debts. We have shown this to be fallacious. In the second proposition, his illustration is not in point; if he had stated that this right to resist the probate is not materially different in principle from that of a judgment creditor to assail a prior forged or fraudulent deed of a debtor of the debtor of this judgment creditor his illustration would have been apt; and doubtless his conclusion would have been in harmony with our views.

The decree of the probate court is affirmed.