# Braasch, *et al. v.* Worthington, *et al.*

### *Bill to Contest Will.*

(Decided February 11, 1915.   67 South. 1003.)

1. *Wills; Contest; Persons Entitled to.*—Under sections 6196 and 6207, Code 1907, the right to contest a will is given only to some direct legal or equitable interest in the estate, which will be injuriously affected by the establishment of the will, and legatees who are the children of the living heirs of the testator are not entitled to contest.

2. *Same; Bill; Parties; Misjoinder.*—Where some of the complainants in a bill to remove the estate from the probate to the chancery court, and to contest the will, had no interest in the will, and were therefore not entitled to contest, and the court had previously upon another petition, assumed jurisdiction over the administration of the estate, it was proper to sustain a demurrer to the bill for misjoinder of parties complainant.

(Anderson, C. J., McClellan and Mayfield, JJ., dissent.)

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Louis Braasch and others against Attie B. Worthington, and others, to remove the administration of an estate from the probate to the chancery court, for an accounting and collection of assets, and for cancellation of a will, and distribution of assets. From a decree sustaining demurrers to the bill, for misjoinder of complainants. the complainants appeal. Affirmed.

BROWN & GRIFFITH, for appellant.

GEORGE H. PARKER, F. E. ST. JOHN, and EYSTER & EYSTER, for appellees.

SOMERVILLE, J.—This proceeding is by a bill in chancery under section 6207 of the Code, and joins as

complainants an heir at law of the decedent testatrix and several children of another heir at law, who is still living; all of the complainants being named as legatees in the will.

The prayer of the bill is for the removal of the administration of the estate into the chancery court; that the administrator de bonis non be required to file an inventory, and collect assets for distribution; that the will be canceled and set aside, and assets distributed, and for general relief.

The chancellor sustained a demurrer to the bill on the ground of a misjoinder of parties complainant, and the only meritorious question presented by the appeal is whether or not a legatee under a will is, by virtue of that fact alone, he having no interest in the estate of the decedent, entitled to contest the will. If not, then there is a misjoinder of parties, and the demurrer was properly sustained.

(1) The right to contest the validity of a will when propounded for probate is given by our statute to "any person interested therein or  *   *   *  any person who, if the testator had died intestate, would have been an heir or distributee of his estate."—Code 1907, § 6196. The right to contest a probated will within 12 months by bill in chancery is given to "any person interested in any will, who has not contested the same" under the provisions of section 6196 et seq. We think there can be no doubt but that a contest in chancery, under section 6207, may be instituted by any person who could have contested the probate of the will under section 6196, but has neglected to do so. If so, then the suppletory clause in section 6196, "or any person who, if the testator had died intestate," etc., adds nothing to the preceding general clause, other than a precise designation of the principle class of persons who are "in-

terested" in the will. What persons are "interested" in the will in the qualifying sense intended by the statute has been several times considered by this court.

Referring to section 55 of the act of 1806 (Clay's Digest, § 15, p. 598), which is the original of section 6207 now in force, and which authorizes "any person interested in such will," to contest in chancery, the court said: "The statute also provides a new mode, by which the heir at law or the next of kin can contest the will." —*Johnston v. Glasscock*, 2 Ala. 218.

Again, construing section 1989, Code of 1876 (now section 6196, Code 1907), the court denied the petitioner's right, as a creditor of the decedent's estate, to contest his will, and said: "This interest, of course, was not, and could not be, affected in any degree by any testamentary disposition of the property. * * * He had no interest to be jeopardized by establishing the will, and none that would have been conserved by defeating its probate. He was therefore not a 'person interested therein,' or 'one who, if the testator had died intestate, would have been an heir or distributee of his estate.' "—*Montgomery v. Foster*, 91 Ala. 613, 8 South. 349.

In a later case, where the contesting petitioner was only a creditor of the decedent's husband, it was correctly ruled, upon the most convincing reasoning, that he was not "interested" in the will, and not entitled to contest it.—*Lockard v. Stephenson*, 120 Ala. 641, 24 South. 996, 74 Am. St. Rep. 63. But the learned writer of the opinion, discussing who might contest the will, though not *named* therein, said arguendo: "These persons are those 'who, if the testator had died intestate, would have been an heir or distributee of his estate,' clearly demonstrating that the Legislature construed the words 'interested therein' as referring to and includ-

[Braasch, et al. v. Worthington, et al.]

ing only such persons as took an interest in the estate of testatrix under and by virtue of the provisions of the will."

This language was criticized as unnecessary, and was in effect repudiated in the recent case of *Elmore v. Stevens,* 174 Ala. 228, 57 South. 457, where it was held that the *vendee* of an heir at law was "interested" in the will in the statutory sense. Prior to the *Elmore Case* it had been held that the heir of an heir at law was "interested," and the court said: "In this case the widow, being the sole heir, owns the identical property which her husband held, which was an *interest in the property* left by his mother, and the right of contest is based *on that interest."* (Italics supplied.)— *Rainey v. Ridgeway,* 148 Ala. 524, 41 South. 632.

See, also, *Hays v. Bowdoin,* 159 Ala. 600, 604, 49 South. 122.

It is clear, we think, that the phrases "any person interested therein," in section 6196, and "any person interested in any will," in section 6207, do not mean simply any person who is named as a beneficiary in the will, but rather any person who has a direct interest in the estate disposed of by the will; in other words, the "interest" intended is not literally an interest in the will itself, but *in its operation.*

The theory of the complainants is that every legatee or devisee under a will is ipso facto "interested therein" in such sense as to be entitled to contest it. Of the unsoundness of this contention we have not the slightest doubt. The true principle was clearly and vigorously stated in *Montgomery v. Foster,* 91 Ala. 613, 8 South. 349, as quoted above. A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which

would be destroyed or injuriously affected by the establishment of the contested will. As legatee merely, he cannot contest the will for the collateral purpose of diverting the estate to another person (a parent, for example) from whom he may hope to receive a gratuity in excess of his legacy. The authorities to this effect are numerous, and we find none in opposition. —*Selden v. Ill. Trust, etc., Bank,* 239 Ill. 61, 87 N. E. 860, 130 Am. St. Rep. 180, and note collecting the cases; 40 Cyc. 1243, and cases cited.

It may be noted here that the Supreme Court of Mississippi has held that if a contestant, who is an heir as well as legatee under the will takes more under the will than without it, he has no interest entitling him to contest its validity.—*Biles v. Dean* (Miss.) 14 South. 536.

Our conclusion is that Ethel, Elizabeth, George, and Mary Forbes, not having any interest in the testator's estate other than as legatees under the will, have no right to contest it, and are improperly joined as complainants in this case, in so far as the bill contests the validity of the will.

(2) Under a separate petition filed for the purpose, the court had already ordered the removal of the administration and assumed jurisdiction thereof. Hence the original bill was functus officio in every aspect, except that of testamentary contestation, and the demurrer for misjoinder of parties was properly addressed to the entire bill, and was properly sustained.

The dictum quoted from the case of *Lockard v. Stephenson, supra,* and set out in the first headnote of the report of that case, is not in accord with the law, and is disapproved and overruled. It results that the decree of the chancellor must be affirmed.

Affirmed.

SAYRE, GARDNER, and THOMAS, JJ., concur. ANDER-SON, C. J., and MCCLELLAN and MAYFIELD, JJ., dissent, and adhere to the doctrine of *Lockard v. Stephenson*, above disapproved and overruled.