28 So.2d 313

BRADFORD et al. v. FLETCHER et al.

5 Div. 422.

Supreme Court of Alabama.

Dec. 19, 1946.

484

Obe Riddle, of Talladega, for appellants.

Powell & Powell and Wm. C. Hare, all of Tuskegee, for appellees.

LAWSON, Justice.

This is a bill by Mattie Bradford and others against Joe Fletcher and others to declare invalid the will of Robert Gover.

The bill, after setting out the names, ages and places of residence of the complainants and respondents, alleges:

"1st. That Robert Gover died on or about 16 day of May, 1945, in Macon County, Alabama, Leaving what purported to be his last will and testament, a copy of which is attached hereto and made a part hereof as if written herein, marked 'Exhibit A'. The said will of Robert Gover, was duly Probated in the Probate Court of Macon County, Alabama, on 22 day of June, 1945. Neither of the contestants here filed any contest of said will and testament of the said Robert Gover at the time of its said probation.

"2nd. That contestants, above named are the next of kin of said Robert Gover, living that contestants know of or have been able to find out by reasonable diligence, and are interested in the will or estate of the said Robert Gover, as heirs, distributees or next of kin if he had died intestate.

"3rd. That the purported will of the said Robert Gover, deceased, is invalid for the following reasons:

"a. That said will was not properly (sic) executed;

"B. The said will is not the last will and testament of the said Robert Gover.

"C. The said Robert Gover was of unsound mind at the time of the execution of said will.

"D. Said will was procured by fraud.

"E. Said will was procured by undue influence, by some one or more of the devisees or legatees (sic), named in said will or the advisers of the said Robert Gover."

Demurrer to the bill was sustained on May 9, 1945. The demurrer was to the bill as a whole. Allgood et al. v. Bains et al., 247 Ala. 669, 26 So.2d 98; American-Traders' Nat. Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36.

The demurrer could not have been sustained properly on those grounds challenging the sufficiency of the statements of the grounds of contest inasmuch as the demurrer was to the bill as a whole and some of the grounds of contest were adequately stated. Barksdale et al. v. Davis et al., 114 Ala. 623, 22 So. 17. Under our decisions, Ground a, "That said will was not properly (sic) executed," was sufficient. Barksdale et al. v. Davis et al., supra; Thompson v. Rainer, 117 Ala. 318, 23 So. 782; Massey et al. v. Reynolds et al., 213 Ala. 178, 104 So. 494. Likewise, Ground C, "The said Robert Gover was of unsound mind at the time of the execution of said will," was adequately stated. Barksdale et al. v. Davis et al., supra; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Wear v. Wear et al., 200 Ala. 345, 76 So. 111; Lewis et al. v. Martin, 210 Ala. 401, 98 So. 635; Wainwright v. Wainwright, 223 Ala. 522, 137 So. 413.

However, there were grounds of the demurrer taking the point that the bill was lacking in necessary averments as to the right of complainants to file and prosecute the contest. Such grounds were properly addressed to the bill as a whole. The averment, "That contestants, above named are the next of kin of said Robert Gover, living that contestants know of or have been able to find out by reasonable diligence, and are interested in the will or estate of the said Robert Gover, as heirs, distributees, or next of kin if he had died intestate," was no more than a conclusion or opinion of the pleader as to the property rights passing under such laws. Therefore, the grounds of the demurrer raising this point were well taken. The bill should have alleged the facts out of which complainants' interests arose, and thus enabled the court to determine for itself whether they had such an interest as qualified them to contest. Montgomery v. Foster, 91 Ala. 613, 8 So. 349; Elmore v. Stevens, 174 Ala. 228, 57 So. 457; Braasch et al. v. Worthington et al., 191 Ala. 210, 67 So. 1003, Ann. Cas.1917C, 903; Hall et al. v. Proctor et al., 242 Ala. 636, 7 So.2d 764; §§ 52, 64, Title 61, Code 1940. Also see Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470; Cain et al. v. Burger et al., 219 Ala. 10, 121 So. 17; Ex parte Liddon, 225 Ala. 683, 145 So. 144.

The demurrer was sustained generally, the decree not designating the ground or grounds thereof which were considered to be well taken. However, a demurrer is but a single entity and since those grounds pointing out the insufficiency of the averments of the bill as to the right of complainants to file and prosecute the suit were well taken, the decree sustaining the demurrer was correct. Cook et al. v. Cook et al., ante, p. 206, 27 So.2d 255; Webb v. Lamar et al., 235 Ala. 533, 180 So. 545.

After demurrer was sustained and within the time allowed to amend, complainants filed an amendment. Respondents refiled their demurrer and moved that the original bill and the bill as amended be dismissed. The trial court sustained the demurrer to the bill as amended and dismissed it.

The action of the trial court in sustaining the demurrer to the bill as amended

486

is clearly without error. The purported amendment fell far short of remedying the defect in the original bill heretofore pointed out.

■ However, on the record here, and in the light of the prevailing circumstances, we are of the opinion that the complainants should have been given further opportunity to amend the bill before dismissing it. The decree sustaining the demurrer to the original bill was general and did not point out the grounds of demurrer which the court thought to be well taken. The decree was not rendered in open court and we feel that the ends of justice would best be served by permitting complainants to amend their bill to meet the defects here pointed out. Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2. The facts of this case are clearly distinguishable from the facts in the case of Hall et al. v. Whitfield, 236 Ala. 659, 184 So. 689.

The decree sustaining the demurrer is affirmed but that part of the decree dismissing the bill is reversed, and leave is granted to the complainants to amend their bill within twenty days from the filing of the certificate of the clerk of this court with the register of the circuit court.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.