95 So.2d 101

Ernest BAKER, Sr., as Executor,

v.

Eula BAKER et al.

6 Div. 114.

Supreme Court of Alabama.

May 9, 1957.

Starnes & Holladay, Pell City, for appellant.

J. E. Bains, Oneonta, for appellees.

**LAWSON, Justice.**

This is an appeal from a final decree of the circuit court of Blount County, in equity, dismissing a "Petition" filed in that court by the appellant, Ernest Baker, Sr., as executor of the last will and testament of Emma Baker, deceased.

Prior to the filing of the "Petition" the administration of the estate of Emma Baker, deceased, had been removed from the probate court of Blount County to the circuit court, in equity, of that county on the application of the executor, Ernest Baker, Sr. The removal to equity had been preceded by these events: First. A contest of the will of Emma Baker, deceased, was filed in the probate court prior to probate under the provisions of § 52, Title 61, Code 1940, by Marvin Baker, a son of the deceased, who demanded that the contest be transferred to the circuit court of Blount County for trial. § 63, Title 61, Code 1940, as amended. The trial in the circuit court resulted in a verdict and judgment sustaining the will. Second. Thereafter Ernest Baker, Sr., a son of the deceased, in his individual capacity as a devisee under the will, and Marvin Baker, another son of the deceased who was not mentioned in the will, filed a contest of the will in the circuit court of Blount County, in equity, under the provisions of § 64, Title 61, Code 1940, which reads:

"Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by bill in equity in the circuit court in the county in which such will was probated."

In the last mentioned proceeding, following a hearing where testimony was taken orally, the trial court entered this decree:

"This cause coming on to be heard upon motion of the complainant to dismiss said cause, it is ordered, adjudged and decreed by the Court that said cause be and the same is hereby dismissed out of this Court."

We have an abridged record before us and it does not show the reason why the "complainant" moved to dismiss the contest.

The "Petition" of Ernest Baker, Sr., filed in his capacity as executor, the dis-

missal of which caused this appeal, is referred to in brief filed here on his behalf as being a "complaint or petition of Appellant for the *construction* of the Last Will and Testament of the said Emma Baker." (Emphasis supplied.) But in another place in that brief counsel for appellant uses language which we think demonstrates that the real purpose or objective of the "Petition" was to have the will declared void. We quote:

"A reading of the will will show that no attempt was made to dispose of any personal property and that the testator, Emma Baker, or someone made a map or plat attempting to describe the lands that the various devisees were to receive by virtue of her will and we will not prolong the argument as to the description of the various parcels of land attempted to be conveyed by said will as it is our opinion that this court, after a careful examination of the map and the reading of the will, will come to the conclusion that such descriptions as set out therein are vague, indefinite and ambiguous and that the appellant as the Executor of the estate and as a devisee of the will was entitled to have the court pass upon the question as to the sufficiency of the description of the various tracts or parcels attempted to be conveyed by said will and that the appellant should have been allowed or permitted to offer testimony in support of the averment that the description was so vague, indefinite and ambiguous *so as to render the will void* in so far as the attempted disposition of the various tracts or parcels was concerned." (Emphasis supplied.)

We observe at this point that we are not here concerned with the right of Ernest Baker, Sr., as a devisee to contest the will. The "Petition," as shown above, was filed by him in his capacity as executor, not as an individual claiming to have a right to contest under the statute. § 64, Title 61, supra. No doubt this procedure was followed because as an individual he had been unsuccessful in his efforts to have the will declared void.

If the "Petition" be treated as a bill of complaint filed by Ernest Baker, Sr., in his representative capacity to contest the will, we entertain the view that the trial court correctly dismissed the "Petition" for the following reasons. The right of contest of a will in a court of equity is purely of statutory creation. Ex parte Walter, 202 Ala. 281, 80 So. 119; Wachter v. Davis, 215 Ala. 659, 111 So. 917. The right to so contest is limited to "any person interested in any will," etc. § 64, Title 61, Code 1940. In Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, 1004, this court said of the words just quoted: "A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will." See Hall v. Proctor, 242 Ala. 636, 7 So.2d 764. Ernest Baker, Sr., in his representative capacity had no such interest in so far as the averments of the "Petition" disclose. Moreover, a contest in equity as authorized by § 64, Title 61, Code 1940, must be instituted within six months after the will is admitted to probate. The "Petition" contains an averment that the will had been probated but contains no reference to the time of probate. For aught appearing from this abridged record the probate of the will occurred more than six months prior to the time the "Petition" was filed. Cronheim v. Loveman, 225 Ala. 199, 142 So. 550; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

We are also of the opinion that the "Petition" was correctly dismissed if it be construed simply as a petition or complaint filed by the executor to have the court construe the will so as to define the boundaries of the several tracts of land devised by the testator to the several devisees. A suit for the construction of a will may sometimes be brought by an exec-

utor or testamentary trustee for protection and so as to have proper instructions as to the execution of the trust. Gunter v. Townsend, 202 Ala. 160, 79 So. 644. But the "Petition" fails to show how the executor of the will of Emma Baker, deceased, can be affected in any way by an alleged inadequate description of the lands or property devised. In his capacity as executor he had no interest in those lands in so far as the "Petition" discloses. He has no duties whatsoever to perform in connection with the lands. The provisions of an alleged ambiguous will can be presented to a court of equity for construction only by one having the required right and interest in the subject matter. Hoglan v. Moore, 219 Ala. 497, 122 So. 824.

We hold that the "Petition" filed by Ernest Baker, Sr., as executor, was dismissed without error. It follows that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.