124 So.2d 436

Clarence WHATLEY

v.

Rosa Lee Whatley HAMILTON.

6 Div. 490.

Supreme Court of Alabama.

Nov. 17, 1960.

McEniry, McEniry & McEniry, Bessemer, for appellant.

Hogan, Callaway & Vance, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer of appellee to the appellant's bill of complaint seeking to contest the will of his step-mother, Clara Whatley, deceased, under the provisions of § 64, Tit. 61, Code of 1940.

The appellant was bequeathed the sum of one dollar which was one of several special bequests. The appellant did not contest the probation of his step-mother's will in the Probate Court, but now seeks to have the will declared invalid and the former probate of the will set aside. The appellant would not share in his step-mother's estate had she died intestate.

Section 64, Tit. 61, Code of 1940 provides:

"*Any person interested in any will,* who has not contested the same under the provisions of this article, may, at any time. within six months after the admission of such will to probate in this state, contest the validity of the

same by bill in equity in the circuit court in the county in which such will was probated." (Emphasis supplied.)

The vital question presented by this appeal is: Does the appellant, a legatee under the will, having no interest in the estate of decedent, have sufficient interest to entitle him to contest the will?

■ The right to contest a will in a court of equity is purely statutory (Baker v. Baker, 266 Ala. 210, 95 So.2d 101) and is limited to "any person interested in any will". Tit. 61, § 64, Code 1940.

■ The bill of complaint must aver facts, which, against apt demurrer, sufficiently disclose such interest. Hall v. Proctor, 242 Ala. 636, 7 So.2d 764.

■ In the case of Allen v. Pugh, 206 Ala. 10, 89 So. 470, the court was dealing with the right to contest a will in equity, as here, and determining the meaning of the clause, "any person interested in any will", held the clause to embrace any person who has an interest in the estate disposed of, which would be conserved by defeating the probate of the will, or jeopardized or impaired by its establishment.

In Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, 1004, the question presented by the appeal was whether or not a legatee under a will is, by virtue of that fact alone, he having no interest in the estate of the decedent, entitled to contest the will. The court, referring to the phrase "any person interested in any will", said that this does not mean simply any person who is named as a beneficiary in the will, but rather any person who has a direct interest in the estate disposed of by the will; in other words, the "interest" intended is not literally an interest in the will itself, but *in its operation*.

Quoting from Braasch, supra:

"A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or *beneficiary under another will*, which

would be destroyed or injuriously affected by the establishment of the contested will." (Emphasis supplied.)

■ The appellant would have inherited nothing had the testatrix died intestate. The appellant had no interest in the estate disposed of which would be conserved, jeopardized or impaired by defeating the probate of the will. He had no interest in the estate as beneficiary under a prior will which would be injuriously affected by the establishment or defeatment of the contested will. So, the principle in such cases as Binford v. Penney, 255 Ala. 20(6), 49 So.2d 665, is inapposite.

Both appellant and appellee cite and rely on Baker v. Bain, 237 Ala. 618, 188 So. 681. In that case the contestant was a beneficiary under a will but his interest therein was injuriously affected by a subsequent testamentary instrument sought to be contested. The testator had no next of kin but nephews and nieces of which the contestant was one. The contestant was an heir at law of the testator, and would have been a distributee of his estate in case of intestacy. She was also a beneficiary under the will. The contestant was within the defined class as a "person interested". The court held that she had a right to contest the codicil. To like effect is Curry v. Holmes, 249 Ala. 545, 32 So.2d 39. Undoubtedly, though, just because appellant was merely a named beneficiary in a will, this status alone would give him no right to contest the will.

■ Grounds of demurrer addressed to the bill as a whole taking the point that the bill was without equity in that complainant did not possess sufficient interest to file and prosecute the contest were properly addressed to the bill as a whole. The demurrer was sustained generally. The demurrer was well taken and the decree sustaining the demurrer was correct. Bradford v. Fletcher, 248 Ala. 483, 28 So.2d 313.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.