300 So.2d 100

**In re Perry O. HOOPER**

**v.**

**Honorable Thomas E. HUEY, Jr.;
Judge, etc.**

**Ex parte Perry O. Hooper.**

**SC 788.**

Supreme Court of Alabama.

Aug. 29, 1974.

William M. Acker, Jr., Birmingham, for petitioner.

Rives, Peterson, Pettus, Conway & Burge and W. Eugene Rutledge, Birmingham, for respondent.

MERRILL, Justice.

This is an original petition filed in this court for writ of mandamus to be directed to the Honorable Thomas E. Huey, Jr., as Judge of the Circuit Court of Jefferson County.

This case presents certain procedural questions in connection with a contest of a will under Tit. 61, §§ 52, 63, Code 1940. On April 12, 1973, Sarah Natalie Howard Bruce (hereinafter referred to as Mrs. Bruce) offered for probate in the Probate Court of Jefferson County, an instrument executed on August 31, 1972, purporting to be the Last Will and Testament of Dr. Hugh Earle Conwell, deceased (hereinafter referred to as Dr. Conwell). She was named as primary beneficiary. Perry O. Hooper (hereinafter referred to as Hooper) filed a contest of the said will, charging undue influence exercised on Dr. Conwell by Mrs. Bruce. Hooper's standing is based on his being the primary beneficiary under a will executed in 1950 by Dr. Conwell.

Mrs. Bruce removed the contest of the will of August 31, 1972 from the probate court to the circuit court pursuant to Tit. 61, § 63.

Dr. Conwell had also executed two other wills—one on June 19, 1972 (identical with the will of August 31, 1972 except for one different witness), and another will on March 7, 1966 (also naming Mrs. Bruce as a primary beneficiary).

When Hooper discovered the existence of these two wills, he obtained leave of circuit court to amend his contest then pending in that court in order to add the other two wills and to contest them on the ground of undue influence. Mrs. Bruce

moved to strike the amendment, and respondent, Judge Huey, granted her motion to strike.

Hooper then filed in the probate court an application for the production of the wills of June 19, 1972 and March 7, 1966, pursuant to Tit. 61, § 37. These two wills were produced but *not* "offered" for probate. Hooper subsequently "filed a contest" of said wills and removed the contest to circuit court. He also filed a motion to consolidate the two cases for trial in order that all three purported wills, naming Mrs. Bruce as primary beneficiary, could be considered together by court and jury on the question whether or not any of them constituted the true last will and testament of Dr. Conwell. Mrs. Bruce filed a motion to dismiss the contest of the wills of June 19, 1972 and March 7, 1966. Judge Huey granted the motion to dismiss on the ground that the circuit court did not have jurisdiction since the prior wills had not been "offered" for probate as required by Tit. 61, § 52.

Hooper then filed his petition in this court seeking an alternative writ of mandamus directed to Judge Huey. The petition alleged the facts stated supra.

On April 24, 1974, this court heard oral argument on the petition. On the same day, we issued a rule nisi. The order directed the respondent judge to set aside his order striking petitioner's amendment, to set aside his order dismissing petitioner's contest of the purported wills of June 19, 1972 and March 17, 1966, and to consolidate the contest of the three wills, or appear before this court within thirty days from this date and show cause why he should not be required to do so.

On May 22, 1974, respondent filed a demurrer in response to the rule nisi. On June 4, 1974, petitioner filed a motion to strike respondent's demurrer and to enter a final order requiring Judge Huey to permit the contest of the three purported wills in one proceeding.

The first matter presented for our consideration is the motion by petitioner to strike respondent's demurrer and to enter the peremptory writ. Petitioner contends that the order, by its language, clearly called for and required of respondent an affirmative defense. He argues that a demurrer, after issuance of the rule nisi, is not permissible since the legal sufficiency of the petition has already been argued and determined in petitioner's favor.

 We do not agree with this position. It is well settled that the sufficiency of a petition for writ of mandamus in this court may be tested by appropriate demurrer. Ex parte Little, 266 Ala. 161, 95 So. 2d 269; Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727. In *Little,* the rule nisi was granted. Subsequently, the respondent filed in this court his demurrer to the petition for mandamus. The demurrer to the petition for mandamus was sustained, the alternative writ withdrawn, and the peremptory writ denied. Under the existing rules, either a demurrer or answer is proper in this court.

 Petitioner also contends that, when taken together, Rule 7(c) and Rule 81(a)(19) of the Alabama Rules of Civil Procedure, abolish the "demurrer" as a responsive pleading to a petition for mandamus. Such a contention fails to consider the scope of the Rules. The Alabama Rules of Civil Procedure do not govern original motions in this court.

Turning now to the merits, petitioner seeks to consolidate the contest of the will of August 31, 1972 with the "contests" of the wills of June 19, 1972 and March 7, 1966 which have not been offered for probate. While we agree with petitioner's contention that it would be a waste of judicial effort to try separately the validity of a series of purported wills, we cannot confer jurisdiction on the circuit court to do something when it has no jurisdiction to act.

Petitioner cites several cases from other states for the proposition that where there

appears to be more than one purported will of a decedent involving similar issues or parties, their validity may be contested in one proceeding whether all of them are formally offered for probate or not. We do not discuss those cases because such a procedure is not allowable in this state.

■ In Alabama, the authority for probating and contesting wills, both in the probate and circuit courts, is purely statutory. As stated in Ex parte Stephens, 259 Ala. 361, 66 So.2d 901:

> "The jurisdiction of the probate court to entertain all proceedings contesting a will is a statutory and limited jurisdiction. Furthermore the jurisdiction conferred on the circuit court by § 63, Title 61, Code of 1940 to try contests of wills is also a statutory and limited jurisdiction. Ex parte Pearson, 241 Ala. 467, 3 So.2d 5."

The statute granting the right of the circuit court to hear will contests, Tit. 61, § 63, reads as follows:

> "Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, * * *."

■ It is well settled in this state that there must be pending in the probate court a valid contest when the judge of the probate court enters the order transferring the contest to the circuit court. Thigpen v. Walker, 251 Ala. 426, 37 So.2d 923; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

Finally, Tit. 61, § 52, which grants the right to contest a will, provides as follows:

> "A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate by filing in the court *where it is offered for probate* allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant; * * *." (Emphasis supplied.)

■ The circuit court may consider only those issues transferred to it from the probate court and the resolution of these issues must be certified back to the probate court. Tit. 61, § 63.

■ It is plain under our statute and our case law that a will must have been "offered for probate" before it can be contested in either the probate or the circuit court. This court has held, in actions for a declaratory judgment to construe a will, that the probate of the will is essential to the equity court's jurisdiction, and that the declaratory judgment law was not intended to confer upon the equity court jurisdiction in admitting or refusing to admit a purported will to probate. Pugh v. Perryman, 257 Ala. 187, 58 So.2d 117; Love v. Rennie, 254 Ala. 382, 48 So.2d 458.

■ In view of the settled law, Judge Huey had no alternative under the law of Alabama except to strike the amendment to the will contest and to deny petitioner's motion to consolidate the "will contest," because the circuit court had no jurisdiction of the two wills covered in the amendment.

We are not inclined to leave petitioner without a remedy. We have found no decision of this court exactly in point. The nearest case we have found is Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, where it was argued that the daughter of the testator, since she had consented in writing that her father's will "be immediately admitted to probate," could not later contest the will under Tit. 61, § 64. This court held that "any statement theretofore made

by the complainant (the daughter) in the case at bar in the probate court is not so binding upon her as to preclude her contest of the will in the equity court."

We did find a case, Brissie v. Craig, 232 N.C. 701, 62 S.E.2d 330, not cited in briefs, which, while not identical in facts, provides a way to get other wills before the circuit court in a will contest. There, the Supreme Court of North Carolina held, as we have, that the superior court had no jurisdiction because the purported will had not been properly admitted to probate by a competent tribunal. (The plaintiffs were trying to have the purported will declared no will in order to remove it as a cloud on title.) But before dismissing the action, the court said in part:

"In its true sense, the probate or proof of a will is the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased. (Citations omitted) Thus the probating or proving of wills involves the rejection of void scripts as well as the establishment of valid ones.

"Ordinarily a proceeding for the probate of a will is begun by a person, who claims under the paper and instinctively makes the allegation that the script is the last will of the decedent. There is no reason in logic, however, why the proceeding should not be initiated by a person who claims against the instrument and makes the counter allegation that it is not the last will of the deceased. (Citation omitted)

"Happily law and logic are compatible in this respect in North Carolina, for under the procedures prescribed any person having a legitimate end to be served by so doing may bring a proceeding for the probate of an alleged will without regard to whether he is interested for or against it."

Such a procedure is compatible with present Alabama law and practice. Tit. 61, § 33, provides:

"Upon the death of a testator, any executor, devisee, or legatee named in the will, or *any person interested in the estate,* or who has custody of such will may have the will proved before the proper probate court." (Emphasis supplied.)

Under Tit. 61, § 52, *any interested person* may contest a will. The words "any person interested in any will," Tit. 61, § 64, have been held to include an interest of a "beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will." Whatley v. Hamilton, 271 Ala. 438, 124 So.2d 436; Braasch v. Worthington, 191 Ala. 210, 67 So. 1003. Petitioner has alleged such an interest, and is "interested in the estate."

Title 61, § 63, provides that upon the demand of *any party* to the contest the contest may be transferred to the circuit court. Thus, any person, whether he is interested for or against the will, may offer a will for probate in Alabama; and such person will not be estopped to contest the validity of the instrument in the same proceedings.

If, as in the instant case, there are several wills being contested, one of the parties may move to consolidate the actions under Rule 42(a) of the Alabama Rules of Civil Procedure. The trial court may, in its discretion, order a consolidation where the actions involve a common question of law or fact. By such consolidation, useless trials of the same issue can be avoided.

Finally, we should take note of the latter part of the will contest statute, Tit. 61, § 52. It directs the probate court to align the parties between the person making the application for probate, as plaintiff, and the person contesting the validity of

the will, as defendant. In light of Tit. 61, §§ 33, 52 and 63, we interpret this procedural alignment of the parties as directory rather than mandatory. The rule is stated in 82 C.J.S. Statutes, § 376, p. 872, as follows:

> "* * * when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. * * *"

See Smith v. Bryant, 263 Ala. 331, 82 So. 2d 411, where the proper alignment was not followed, but held not to constitute reversible error.

Rules 19 and 20, ARCP, which deal with the joinder and alignment of parties, are intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit all parties directly interested in the controversy despite technical objections previously existing in many situations. These rules are sufficient authority for the trial court to make the proper alignment of parties in similar will contests. We see no conflict with Rule 81(a)(5), ARCP, and we call attention to the committee comments under Rule 81, second paragraph.

Demurrer to petition for mandamus sustained; the alternative writ is withdrawn and the peremptory writ is denied.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.