I concur in Mr. Justice Faulkner's opinion to reverse and remand this cause because the trial court erred in not submitting the issue of undue influence to the jury.
I had first thought that I could not agree with the other conclusion reached in the opinion, that after transfer from the probate to the circuit court of a will contest the grounds of contest could be amended to include additional grounds. I have now concluded that Justice Faulkner's rationale is sound and that there is no justifiable reason to limit the parties in their presentation of the case after transfer to the circuit court to those issues of the contest originally filed in the probate court. Of course, a valid contest must first be filed in the probate court, after a will is offered for probate, before the right would exist to have the contest transferred to the circuit court upon the demand of any party to the contest. Code 1975, § 43-1-78.
I think the trial court in striking the issue of "testamentary capacity" and in stating that it was limited to the issues transferred to it by the probate court, citingHooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974), misinterpreted the language in Hooper v. Huey. In that case Mr. Justice Merrill, writing for this Court, stated:
 "The circuit court may consider only those issues transferred to it from the probate court. . . ."
The trial judge took this to mean that only the grounds of contest alleged and specified in the probate court could be the basis for the contest in the circuit court. I do not believe that this is so. What Mr. Justice Merrill wrote in Hooper v.Huey was that a circuit court had no jurisdiction to consider the contest of two wills, offered by an amendment to an existing will contest, by *Page 28 
which it was sought to contest the two additional wills on the grounds of undue influence, when the two additional wills were produced but never "offered" for probate in the probate court. In other words, under our statute, a will must have been "offered" for probate before it can be contested in either the probate or the circuit court. This not having been done, the contestant could not contest the two wills in an existing will contest in the circuit court. In this, Mr. Justice Merrill was eminently correct. He goes on to point out that the court would not leave the contestant remediless but that contestant could "offer" the additional wills for probate, then transfer the same to the circuit court, and, under Rule 42 (a) of the Alabama Rules of Civil Procedure, the several will contests could be consolidated. Then, he discusses how the parties could be aligned and realigned under Rules 19 and 20 ARCP so as to promote trial convenience, prevent a multiplicity of suits, and expedite the litigation.
I see nothing in Hooper v. Huey which impinges upon the right of either proponent or contestant, upon removal of a contest to the circuit court, to amend the pleadings in that court under the authority of Code 1975, § 43-1-78, which states that the trial should be had in the circuit court upon the removal of a contest "in all other respects as trials in other civil cases in the circuit court."
It is therefore that I concur in the opinion.
TORBERT, C.J., concurs.