HENRY H. BOLTE and JOHN H. BOLTE, Executors of the Estate of MARY L. FLERLAGE, HENRY H. BOLTE and JOHN H. BOLTE, Plaintiffs, Appellants, v. WILHELMINA BOLTE, Widow, JOHN C. BOLTE, WILLIAM I. BOLTE, MARY CORDES, REGINA BOERDING, Children and Only Heirs of JOSEPH BOLTE, JOHN C. BOLTE and WILLIAM I. BOLTE, Executors of the Estate of JOSEPH BOLTE, HENRY J. BOLTE, ELIZABETH H. BOLTE, HELEN E. BOLTE, MARGARET H. BOLTE, Defendants, and ST. FERDINAND CATHOLIC CHURCH in Florissant, Respondent.—147 S. W. (2d) 441.

Division Two, February 1, 1941.

*A. G. Schumacher* for appellants.

*Fred M. Joseph, Philip S. Alexander* and *Lawrence P. Walsh* for St. Ferdinand Catholic Church in Florissant, Missouri.

TIPTON, P. J.—This is an action in equity brought by appellants in the Circuit Court of St. Louis County, Missouri.

In its brief the respondent, St. Ferdinand Catholic Church, adopts the statement of facts found in appellants' brief. We will, therefore, adopt so much of this statement of facts as are necessary for a complete determination of this appeal, without quotation marks.

The petition is in two counts, the first count being an action to construe the will of Mary L. Flerlage, the surviving widow of Henry Flerlage, deceased, and also to construe the will of said Henry Flerlage, deceased, and to determine title to three separate tracts of farm land. The second count is an action to quiet title to said real estate. All defendants were duly served with summons, but only the defendant St. Ferdinand Catholic Church filed a separate answer.

There is no dispute between appellants and respondent as to the pleadings or facts, and the issue narrows down to the legal con-

struction and interpretation of the will of Henry Flerlage, deceased. Plaintiffs, as heirs at law of Mary L. Flerlage, deceased, claim title in fee simple to certain land in themselves and the defendant Joseph Bolte by virtue of said will, and the defendant St. Ferdinand Catholic Church claims that it is the owner in fee simple of said land under said will, and that Mary L. Flerlage only took a life estate and not in fee simple. Henry Flerlage died testate in December, 1921. He left no children or descendants. His will was duly probated in January, 1922; his widow, Mary L. Flerlage, was appointed and qualified as executrix. At the time of his death Henry Flerlage was the owner in fee simple and in possession of a tract of farm land. (Here follows a description of the land in question.) Mary L. Flerlage died testate on March 25, 1938, at the age of 79, and left no children or descendants and leaving as her only heirs at law the plaintiffs Henry H. Bolte and John H. Bolte and the defendant Joseph Bolte, her brothers. Her will was duly admitted to probate and plaintiffs appointed executors.

The court made a finding and entered a decree and judgment to the effect that Henry Flerlage, by his will, gave a life estate only to his widow and the fee simple title to St. Ferdinand Catholic Church.

The sole issue before us is the construction of the following portion of Henry Flerlage's will:

"I give and devise to my wife Mary Louisa Flerlage, all my Real Estate . . .

"I also give my wife Mary Louisa Flerlage after payment of my debts and funeral expenses all my goods, chattels, notes, and moneys. I hereby declare the said Mary Louisa Flerlage to be my only heir. I request that my wife Mary Louisa Flerlage shall have no right to either give or sell any of my property either Real or Personal, after the death of my wife said Mary Louisa Flerlage all my Estate, Real and Personal, notes and moneys shall go to St. Ferdinand's Catholic Church in Florissant, Missouri."

It is appellants' contention that Flerlage gave to his wife fee in the real estate, while respondent contends that she took only a life estate, with the fee in the respondent.

Both appellants and respondent rely on the rules of construction announced in the case of Underwood v. Cave, 176 Mo. 1, l. c. 14, 75 S. W. 451, which are as follows:

"First, that the intention of the testator must be ascertained from the whole instrument; second, the words used are to be understood in the sense indicated by the whole instrument; third, that the force and effect of terms devising an absolute estate, will not be cut down to a less estate by ambiguous words, inferential in their intent; and, fourth, that where an absolute estate is granted in one clause of the will, such grant cannot be impaired, cut down or

qualified in a subsequent clause, except by words as affirmatively strong as those which conveyed the estate."

The above quotation correctly states the rules of construction in will cases of this character. [See Blumer v. Gillespie, 338 Mo. 1113, 93 S. W. (2d) 939, and cases cited therein.]

Applying these rules to the terms of this will, the first clause, "I give and devise to my wife Mary Louisa Flerlage, all my Real Estate," standing alone, could only be construed as an estate in fee in testator's wife.

It is our duty in construing this will to give it a construction that will carry out the intention of its maker. To ascertain the intention of the testator, it is necessary to take the will as a whole and not give any clause in the instrument undue preference.

On the other hand, by the subsequent clause, "I request that my wife Mary Louisa Flerlage, shall have no right to either give or sell any of my property either Real or Personal, after the death of my wife said Mary Louisa Flerlage all my Estate, Real and Personal, notes and moneys shall go to St. Ferdinand's Catholic Church, in Florissant, Missouri," the testator clearly intended to give his wife a life estate only with the fee in St. Ferdinand Catholic Church.

Under the rules above quoted from the Underwood case, are the terms used in clause two so "ambiguous and inferential in their intent" as not to impair or qualify the grant in clause one? We think not. There is no ambiguity in the language used in clause two. It is a clear and explicit limitation of the grant contained in the first clause of the will. It clearly states that the property bequeathed to his wife, "all my Estate, Real and Personal," which she shall have "no right to either give or sell," "shall go to St. Ferdinand's Catholic Church" "after the death of my wife."

We are of the opinion that the language used in clause two, which limits the estate bequeathed to testator's wife, is equally strong if not stronger than the language used in clause one. Applying the rule heretofore mentioned that where an absolute estate is impaired, cut down or qualified in a subsequent clause, the language used in that clause must be as affirmatively strong as that which conveyed the estate.

Since the testator gave a life estate in his property to his wife, it necessarily follows that he gave her the use of his property during her life.

In the case of Blumer v. Gillespie, supra, the clause of the will under construction was as follows: "The rest and residue of my estate, . . . I give, devise and bequeath to my wife, Louise Blumer. I have unquestioned faith that she will protect, educate and take care of our son, Arthur E., as I should have done had I lived. It is my wish that after my death she make a will bequeathing such of her real and personal estate, as she may inherit from me, to our son,

Arthur E., upon her death. My idea and wish being that our son Arthur shall inherit what may remain of my estate after my wife's death.''

We construed the will in that case to convey only a life estate to testator's wife with the remainder to his son.

We think the language used in the case at bar is stronger in showing the intention of the testator to bequeath his wife only a life estate than the language used in the Blumer case.

From what we have said, it follows that the judgment should be affirmed. It is so ordered. All concur.