Jessie H. THOMPSON, Respondent,

v.

Nora T. SMITH, Vera V. Thompson, and
Byrnice T. Haldeman, Appellants.

No. 45698.

Supreme Court of Missouri,

Division No. 1.

April 8, 1957.

Earl L. Veatch, Monticello, for appellants.

Noah W. Simpson and J. Andy Zenge, Jr., Canton, for respondent.

VAN OSDOL, Commissioner.

This is an appeal from a judgment and decree for plaintiff in her action to construe the will of Audra D. Thompson, which will disposed of real estate and personalty. Testator died without descendants, but was survived by his widow, Jessie H. Thompson, plaintiff, and by his four sisters, defendants, one of whom did not appear and defend in the trial court and is not a party to this appeal. The trial court in construing the will held that plaintiff was devised an estate in fee simple.

It is agreed by the parties, plaintiff-respondent and defendants-appellants, that the only issue upon this appeal is the interpretation of the Second and Third paragraphs of the will which are as follows,

"Second,—All the rest, residue and remainder of my estate, real, personal or

mixed, I hereby will, devise and bequeath to my beloved wife, Jessie H. Thompson.

"Third,—It is my wish and desire that as soon after my decease as may be practical that my widow make a will, thereby willing that part of the property which she has inherited from my estate that may be left at the time of her decease to my heirs, as I feel like it should be nothing more than fair and just that at the time of her decease for her to leave that part of the property which she has left which she inherited from my estate to my heirs."

Defendants-appellants, hereinafter referred to as "defendants," have reminded us of the statutory requirement that all "courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them." Section 468.620 RSMo 1949, V.A.M.S.

Defendants say there can be no question but that the intent of the testator was to devise and bequeath to his wife a life estate only. They refer to the words "wish" and "desire," and further quote the language of the Third paragraph of the will— "as I feel like it should be nothing more than fair and just that at the time of her decease for her to leave that part of the property which she has left which she inherited from my estate to my heirs." Such words and language, say defendants, are inconsistent with any theory other than that testator intended his wife should have but a life estate. Defendants have cited Blumer v. Gillespie, 338 Mo. 1113, 93 S.W.2d 939; and Bolte v. Bolte, 347 Mo. 281, 147 S.W.2d 441.

Plaintiff-respondent, on the other hand, contends that in examining the whole of the will it is manifest that testator intended the devise to his wife should vest an estate in fee simple. Plaintiff says that the words "wish" and "desire"—precatory words—were not used in a mandatory sense, and that such words and the language expressing the objective of and the reason for testator's wish and desire, considered in the whole context of the will, were not expressions indicating an intention to devise an estate for life only. Plaintiff has cited Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21.

We have examined Blumer v. Gillespie, supra, and agree that it is of interest to us in the interpretation of the will in our case. There are some noted differences in the language, however, when the language of the Blumer will is compared with the words used by testator Thompson. And all of the language affecting the question of the duration of the estate devised to the wife was contained in sequence in one paragraph or clause in the Blumer will; whereas, in the Thompson will, the language pertinent to our question is contained in separate paragraphs. Moreover, there was some language in the Blumer will, not entirely unlike language in the Thompson will, which we now think this court should have taken into account in examining the whole Blumer will, as we shall do in examining the instant (Thompson) will. Although we do not say the Blumer decision was wrong in result, we note the language in the Blumer will—"what may remain of my estate after my wife's death"—which language, it was urged by appellant in that case, indicated the power of disposition. Apparently this language was not considered by this court in construing the whole Blumer will. It seems to us now that this court, in the Blumer case, by construction, first determined testator Blumer intended to devise his wife a life estate, without considering the language "what may remain of my estate after my wife's death," and then merely said that, if the quoted language amounted to a power of disposition, a "superadded" power of disposition would not convert the life estate into a fee.

■ Housman v. Lewellen, supra, is of value and persuasive in the interpretation of the Thompson will. It is noted, however, that by the second paragraph of

the Tolle will, construed in the Housman case, the testator Tolle bequeathed property to his wife "to be her absolute property." In the case at bar, although the Second paragraph of the Thompson will considered by itself would be understood as devising an absolute estate to the wife, yet it is seen that the devise in that paragraph was general, that is, there were no words defining or limiting the duration of the estate devised. Otherwise stated, the devise in our case was not of a fee in terms such as "heirs and assigns" or "heirs and assigns forever," nor were there any other words necessarily describing an absolute estate. In the Housman case this court correctly recognized the rule that the devise of a fee in terms, or by words necessarily describing an absolute estate, cannot be annulled except by later language in the will which expressly or by necessary implication, arising from words equally clear and conclusive as those in devising the fee, cuts down the previous devise of the fee. See also Vaughan v. Compton, Mo.Sup., 235 S.W.2d 328, 331, wherein the devise of the residue, by Item 8, was to the husband " 'absolutely and in fee simple.' "

The examination of the whole (Flerlage) will construed in Bolte v. Bolte, supra, discloses the language of the second clause in which the "request" of testator was held to limit the devise to the wife to an estate for life with remainder in fee to a church. In making the request the testator manifested an intention to preserve the devised property for the remainderman. He requested that the wife "shall have no right to either give or sell" the devised property. Considered in its context, the word "request," a precatory word, was correctly construed in the mandatory sense. (At this point we parenthetically note that testator Thompson clearly intended his "wish and desire" was to affect only that part of his property *"that may be left"* at the time of the widow-devisee's death.)

■ But, as has often been said, precedents are of less value in the construc-

tion of wills than in any other field of inquiry. This is because of the infinite variety of expressions employed in wills. Even identical words justly receive different interpretations when set in variant contexts and used under different circumstances. Mace v. Hollenbeck, Mo.Sup., 175 S.W. 876; Housman v. Lewellen, supra.

■ It is really unnecessary to cite authority supporting the prime rule of construction of wills that the court, without attempting to make a new will or an equitable disposition of the estate, must confine its endeavors to ascertaining the real intent of the testator. To this end the will must be read from its four corners. Due regard to the real intent of the testator is the universal rule of judicial decision, and, as we have noted supra, is required by statute in Missouri. When the real intent of the testator is determined, the proper construction of the will is accomplished.

■ Now addressing our attention to the whole of the Thompson will, we note that the Second paragraph, if the paragraph were considered alone, would be understood as expressing the intention of the testator to devise an absolute estate to his wife. Section 468.330 RSMo 1949, V.A. M.S. In the Third paragraph, testator expressed the "wish" and "desire" (that is, the testator expressed in precatory words) that his wife make a will disposing of that part of the devised property "that may be left at the time of her decease" to his heirs, because he felt like it would be nothing more than fair and just for her to leave "that part of the property which she has left" to his heirs. Now precatory words such as "wish" or "desire" or "request" may or may not be of intended mandatory meaning and effect in the varying contexts of various wills. See, for examples, Bolte v. Bolte, supra, and Housman v. Lewellen, supra.

■ In our case, as parenthetically stated supra, the words "wish and desire" were clearly intended to affect that part of

the devised property "that may be left" at the death of the wife. The words "that may be left" indicated testator Thompson's intention and recognition that his wife should have the right to use, exhaust, and dispose of the devised property without restriction. Housman v. Lewellen, supra. And this recognized right (or "bundle of rights") is coextensive with the right of one vested with an absolute estate. The testator's language in recognizing such right was certainly not an expression indicating the intention to devise an estate for life only. The language was in harmony with the Second paragraph of the will, which paragraph standing alone would vest the wife with an estate in fee simple. Since the Second paragraph, considered by itself, would be understood as expressing the testator's intention to devise an absolute estate, and the right to use, exhaust, and dispose of the property without restriction was recognized by testator in the Third paragraph of his will, the testator must have known there was no certain property in which he could dispose of an estate in remainder to his heirs by use of operative words or words of command. Consequently, we draw the conclusion that the words "wish and desire" were intended as the expression of the mere wish and desire that his wife make testamentary disposition of the property "that may be left" at her death to his heirs.

We hold that testator Audra D. Thompson devised an estate in fee simple to his wife Jessie.

The judgment and decree should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.