This appeal is from judgments of the Circuit Court of Pike County of 24 August 1977 denying petitions of Victor Michael Griswold, as Executor of the Last Will and Testament of Jewell S. Griswold, deceased, and Julie Griswold Cagle for writs of mandamus directed to Honorable Ben Reeves, Judge of Probate of Pike County, to require him to transfer two contests of a 1973 will of Anise J. Sorrell to the circuit court.
The notice of Appeal was filed by Etta S. Braswell, Lois S. Phillips, Joseph W. Burt, Julie Griswold Cagle and Victor Michael Griswold, as Executor of the Last Will and Testament of Jewell S. Griswold deceased. No judgments of 24 August 1977 appear in the record which affect Braswell, Phillips and Burt; therefore we will only consider the appeals of Griswold's Executor and Cagle.
For an understanding of these cases on appeal it is necessary to summarize the events which provide the background for the filing of, and action on, the petitions for the writs.
Anise J. Sorrell died on 5 December 1975. Prior to her death she had executed, on the following dates, what purported to be her last wills and testaments:
(1) 23 June 1972 (1972 will). (2) 13 March 1973 (1973 will). (3) 9 August 1974 (1974 will). (4) 16 October 1975 Codicil (1975 Codicil to 1974 will). On 11 December 1975 the 1974 will and 1975 codicil were admitted to probate by order of the probate court. On 10 June 1976 Braswell, Phillips and Burt filed a contest of the 1974 will and 1975 codicil in the circuit court under Tit. 61, § 64, Code (1940), providing for contest in the circuit court after probate. On 11 June 1976 Jewell S. Griswold (later deceased) did likewise. These two contests were later ordered consolidated for trial by the circuit court. On 19 October 1976 Braswell, Phillips and Burt filed the 1972 will for probate. At the hearing it was shown *Page 789 
that the 1974 will and 1975 codicil had previously been admitted to probate. Apparently this was the basis of the judgment of the probate court that the 1972 will was not the genuine last will and testament of Anise J. Sorrell. There was no contest of this will by Braswell, Phillips and Burt, who had filed it for probate, or by proponents of the 1974 will and 1975 codicil; the former appealed the judgment of the probate court to the circuit court. We now come to the 1973 will which is directly involved in this appeal.
 The 1973 Will
On 10 December 1976 Braswell, Phillips and Burt filed a petition for probate of the 1973 will. It was alleged that the will was surrendered and offered for probate for the purpose of contesting it. No grounds for contest were alleged either in the petition or by separate papers filed contemporaneously; neither was a demand filed for transfer to the circuit court as provided for in Tit. 61, § 63, Code (1940). In the order of the probate court of 6 January 1977 which denied admission of the 1973 will to probate it was recited:
 "* * * that said instrument dated March 13, 1973, at the time of its execution was the valid last will and testament of Anise J. Sorrell, but cannot at this time be probated as the last will and testament of Anise J. Sorrell, because there are the will dated August 9, 1974, and codicil thereto dated October 16, 1975, which have already been admitted to probate and record by this Court as the last will and testament of Anise J. Sorrell; and that said will dated August 9, 1974, and codicil dated October 16, 1975, have been contested by the petitioners in the Circuit Court of Pike County, Alabama.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that said instrument in writing dated March 13, 1973, purporting to be the last will and testament of Anise J. Sorrell, deceased, is hereby declared to be duly proved, having been validly executed by said Anise J. Sorrell at the time the same was made, and at a time when she was over the age of twenty-one years, of sound mind and disposing memory, and fully capable of making her said will dated March 13, 1973.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that the instrument dated March 13, 1973, together with the testimony of the witnesses reduced to writing, and duly signed, and all papers on file relating to this proceeding be recorded
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that said instrument dated March 13, 1973, not be admitted to probate at this time, pending the final determination of said will contest in the Circuit Court of Pike County, Alabama.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that upon final determination of said will contest in the Circuit Court of Pike County, Alabama, that should the will dated August 9, 1974, and the codicil dated October 16, 1975 or either of them be declared to be or sustained to be the valid last will and testament of Anise J. Sorrell, deceased, then the instrument dated March 13, 1973, shall not be admitted to probate and probate thereof shall be denied; however, should both said will and codicil be declared to be invalid and not the true last will and testament of Anise J. Sorrell, said will dated March 13, 1973, shall thereupon be declared to be the last will and testament of said testatrix, and, as such, admitted to probate to be recorded, together with the proof thereof and all other papers on file relating to this proceeding."
On 1 February 1977, Braswell, Phillips and Burt appealed this judgment to the circuit court. On 7 February 1977 these parties filed a contest of the 1973 will in the probate court containing a request for transfer to the circuit court. No action has been taken on this by the probate court. On 7 April 1977 the same parties filed in the circuit court a petition for the writ of mandamus to compel the probate judge to *Page 790 
transfer this contest to the circuit court. No ruling has been made by the circuit court on that petition. However, on 10 May1977, a motion to consolidate the proceedings relating to the 1973 will with the contests of the 1974 will and 1975 codicil was denied. In the order denying consolidation the circuit court declined to rule on the petition for writ of mandamus; opining that mandamus was not the proper remedy; the circuit court lacked jurisdiction; the circuit court cannot transfer a contest of will or wills from probate to circuit court when no valid contest is pending in probate court; and that appeal will not lie to the circuit court from the probate court.
On 26 July 1977, after the 6 January 1977 order denying Braswell's, Phillips' and Burt's petition for admission of the 1973 will to probate, Julie Griswold Cagle (Griswold's daughter and legatee under her will), filed a petition to probate the 1973 will in the probate court, a contest of that will and demand for removal of the contest to the circuit court. No action was taken by the probate court. On 19 August 1977, Griswold's Executor filed a petition to probate the 1973 will in the probate court, a contest of that will and demand for removal to the circuit court. No action was taken by the probate court. On 24 August 1977 both Griswold's daughter (Cagle) and Griswold's Executor (Griswold) filed petitions for writs of mandamus in the circuit court to compel the transfer of their respective contests of the 1973 will to the circuit court. It is from the judgments of 24 August denying those petitions that these appeals are taken.
At the outset a comment is in order regarding the appellate procedure utilized in these cases. Although, as in many cases, we have been provided with an appendix to the briefs, as authorized by Rule 30, ARAP, it does not comply with either subsection (e)(1) or (e)(2), therefore is of no benefit to the court. Proper use of the appendix system, particularly utilization of a comprehensive index to the appendix would greatly facilitate disposition of appeals by this court. This is all the more true in cases such as these where the record is long and complex regarding the sequence of events in the two courts below and the posture of each of the various proceedings in those courts.
The goal of appellants, as is Braswell's, Phillips', and Burt's, is to bring about a consolidation for trial of the contests of the 1973 will with that of the 1974 will and 1975 codicil. Their principal obstacle to reaching that goal has been an inability to file the 1973 will for probate in the only court which has jurisdiction probate it, at the same time contest it there "before probate," and remove the contest proceedings to the circuit court for trial.
 The Issue
Although appellants say there are six issues for review by us, the question of whether the circuit court should have issued the writs of mandamus to bring the contests of Griswold's daughter and Griswold's Executor to the circuit court presents only one issue:
 When the 1973 will was offered for probate by Braswell, Phillips, and Burt, for the purpose of contesting it, but no contest was filed or demand for removal made by them at that time and the will was denied probate, may Griswold's daughter and Griswold's Executor later file it for probate, contest it, demand that the contest be removed to circuit court and be entitled to have it removed?
We will first deal with this controlling issue and then briefly discuss the other issues raised by appellants.
 Controlling Principles of Law
A will may be contested prior to probate and the contest transferred to the circuit court. Tit. 61, § 52 § 63, Code (1940):
 "§ 52. Contest; grounds, and by whom instituted; how issue made up and tried. — A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate by filing in the court where it is offered for probate allegations in writing that *Page 791 
the will was not duly executed, or of the unsoundness of mind of the testator or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the persons making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must, on application of either party, be tried by a jury."
 "§ 63. When contest transferred to circuit court, and proceedings thereafter. — Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the cause shall be docketed by the clerk of the circuit court and a special session of said court may be called for the trial of said contest, or, said contest may be tried by said circuit court, at any special or regular session of said court. The issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court. An appeal to the supreme court may be taken from the judgment of the circuit court on such contest within thirty days after the rendition of such judgment. After a final determination of the contest, the clerk of the circuit court shall certify the transcript of all judgments of the circuit court in such proceedings, together with all of the papers and documents theretofore certified to the circuit court by the probate court, back to the probate court from which they were first certified to the circuit court, and thereafter shall be recorded in the probate court as all other contested wills are recorded in the probate court."
A will may be contested after probate. Tit. 61, § 64, Code (1940):
 "§ 64. Contest in circuit court in equity within six months. — Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by bill in equity in the circuit court in the county in which such will was probated."
To apply the provisions of §§ 52 and 63 to the facts in this case we must first examine the order of the probate court which would not permit the 1973 will to be offered for probate for the purpose of contesting it against the prior decisions of this court applicable, or seemingly so, to the facts of this case. That order shows the probate court would not receive the 1973 will for probate for the purpose of contesting it because the 1974 will and 1975 codicil had been previously admitted and was being contested in the circuit court (under the provisions of § 64). Was this a sufficient basis for the probate court to take no action on the petition for probate, contest and demand for transfer filed later by Griswold's daughter and Griswold's Executor? We think not. We reach this conclusion on the basis there are pending in the probate court, the court having jurisdiction to admit to probate or to deny admission to probate all the various wills of Anise J. Sorrell, valid contests by the Griswold's Executor, Griswold's daughter, and Braswell, Phillips and Burt.
Appellees say that no valid contests are pending in the probate court because the statute providing for contest before probate requires filing the contest before examination of thewitnesses whose testimony would establish the will. In this regard they rely upon the case of Allen v. Pugh, 206 Ala. 10,89 So. 470 (1921). This court, in using the italicized above language in Allen, was merely illustrating that when it had previously reversed the probate court for denying probate of a will it was now saying that its former decision meant the will was probated on the date and occasion it was proved and on which it should have originally been admitted to probate. Allen *Page 792 
stands for two propositions pertinent to this case: one having a right to contest a will may do so only once, either before-probate or after-probate; and, any person who has acquired an interest in an estate by purchase or descent which would be injuriously affected by the establishment of a will may contest it in the probate court, if such interest was acquired prior to the probate of that will. The significant distinction between Allen and this case is that neither the 1972 or 1973 wills in this case have ever been admitted toprobate.
In this case, at this time, the 1973 will has been offered for probate by Braswell, Phillips, Burt, Griswold's daughter, and Griswold's Executor; with the respective offers for probate have been filed contests and demands for transfer to the circuit court. It matters not that the offers of the will for probate were made by those claiming that it is not the true last will of Anise J. Sorrell; the contests are pending and should be transferred to the circuit court as demanded. Hooperv. Huey, 293 Ala. 63, 300 So.2d 100 (1974).
Appellees would say this should not be done basically for the reason that once the 1974 will and 1975 codicil have been admitted to probate and are under attack no action may be taken regarding the 1972 and 1973 wills. This stance rests upon an erroneous premise: that the validity or invalidity of the 1972 and 1973 wills cannot be determined until after that question concerning the 1974 will and 1975 codicil has been resolved. This is not the case. See Hooper v. Huey, supra. Appellees say this case cannot be fitted into the Hooper pattern. We disagree. True, in Hooper the entire proceeding was prior to the probate of any will but the turning point of the decision was not that; it was the fact that two of the three wills had been produced but not offered for probate prior to contest of them. Here the contests are pending, only awaiting transfer. That the contest of the 1974 will and 1975 codicil was filed in the circuit court after probate would be no impediment to trial of the before-probate contests in the circuit court. Also should appellees desire they would have a right to test the validity of the 1972 will against that of the 1974 will and 1975 codicil by the simple device of filing a contest of the 1972 will in the probate court and demanding its transfer to the circuit court for trial. The circuit court could then consider motions for consolidation for trial of all contests; before-probate and after-probate. Hooper v. Huey, supra, Rule 42 (a), ARCP. If, in its discretion, consolidation was feasible it could properly align the parties in each of the contests. Rules 19 and 20, ARCP. After trial the circuit court could then enter appropriate judgment in the after-probate contest and certify back to the probate court the resolutions of those issues transferred from it in the before-probate contests, as provided in Tit. 61, § 63.
 The Incidental Issues
These are stated by appellants as follows:
 "1. Whether, following the rejection of a will by the Probate Court, a party interested therein who has not previously contested the same may file an original contest in equity of the probated [rejected] will?
* * * * * *
 "2. Whether a will contest pending in equity at the time of the death of the contestant survives to and is revivable in favor of the heirs or personal representative of the deceased contestant * * *?
* * * * * *
 "3. Whether a will contest, being a cause of action cognizable in equity, survives to the heirs or personal representative to institute a contest in probate court or in circuit court after the death of the decedent?
* * * * * *
 "4. Whether a contest of a will may be filed by the daughter of a deceased person who had a right of contest, and where the daughter-contestant is herself a beneficiary of the will offered for probate for the purpose of contesting it?
* * * * * * *Page 793 
 "5. Whether the Circuit Court should be compelled by writ of mandamus to exercise jurisdiction over the original contest in equity filed by Jewell Griswold in her lifetime after the probate rejection of the 1973 will of Ansie Sorrell?"
We think this opinion has resolved incidental issue number one but, if not abundantly clear, we here hold that it is answered in the negative. An original contest in the circuit court may only be filed after admission of a will to probate. Tit. 61, § 64, Code (1940).
The answer to number two must be yes. Tit. 7, § 153 (1), Code (1940).
Under the facts of this case we think numbers three, four and five have been answered in this opinion.
For the reasons given the judgments below must be reversed and the writs of mandamus should issue from the circuit court to the probate court to effect the transfer of the pending contests of the 1973 will to the circuit court.
REVERSED AND REMANDED WITH DIRECTIONS.
BLOODWORTH, ALMON, SHORES and BEATTY, JJ., concur.