Jane REYNOLDS, Executrix of the Estate of Homer Wimmer, Deceased, Plaintiff-Respondent,

v.

CENTRAL HEALTH CARE CENTERS, INC., a Missouri Corporation, Defendant-Appellant.

No. 13006.

Missouri Court of Appeals, Southern District, Division Two.

April 13, 1984.

John S. Pratt, Pratt & Fossard, Springfield, for defendant-appellant.

Rolland L. Comstock, Springfield, for plaintiff-respondent.

HOGAN, Judge.

This appeal is taken from a summary judgment for the plaintiff executrix against defendant Central Health Care Centers in the amount of $944.07 entered by the Probate Division of the Circuit Court of Greene County. Defendant appeals, contending that a writing signed by the decedent March 1, 1981, was not given proper testamentary effect by the trial court.

It is shown by the record and not disputed that at the time this action was commenced, plaintiff was the duly appointed, qualified and acting executrix of the estate of Homer D. Wimmer, deceased. It is further shown and not disputed that a will dated December 12, 1977, was presented to the probate division and by certificate and order dated January 29, 1982, was admitted to probate as Mr. Wimmer's last will and testament.

Prior to his death, Mr. Wimmer was a resident of the Northside Nursing Center, a Springfield institution owned and operated by the defendant corporation. At the decedent's request, an employee of the nursing home prepared the following document addressed to the administrator of the nursing home:

"Mr. Long:

It is my request that, *when I expire*, all my personal belongings and all monies held in account at Northside Nursing Center be given to my niece, Ola Huckelby.

Sincerely

/s/ .

Homer Wimmer" (Emphasis ours.)

The decedent signed the letter in the presence of two witnesses; the witnesses then signed the letter in the decedent's presence and in the presence of each other. At Mr. Wimmer's death, the Northside Nursing Center paid the money in his account to decedent's niece, Ola Huckelby. This action followed.

The sole point presented on this appeal is stated as follows:

"The court erred in granting plaintiff's motion for summary judgment for the reason that in order to grant plaintiff's motion for summary judgment the court was required to find that as a matter of law the letter executed by the deceased did not have effect as a will or a codicil and such finding was an abuse of the court's discretion and was contrary to the existing statutory and case law in Missouri in that the letter executed by the deceased was in writing, signed by the testator and witnessed by two witnesses in the presence of the testator and each other, thereby fulfilling the requirement of V.A.M.S. 474.320 governing wills."

■ Although the sparse record presented here indicates that a hearing of some order was held on the motion for summary judgment on October 27, 1982, it is not made to appear that testimony was taken. We conclude that the judgment was granted as a matter of law upon the evidentiary material before it. We therefore further conclude that if, as a matter of law, the judgment can be sustained on any theory, it must be affirmed. *Snowden v. Northwest Mo. State University*, 624 S.W.2d 161, 165[1] (Mo.App.1981); *City of Kirkwood v. City of Sunset Hills*, 589 S.W.2d 31, 34 (Mo.App.1979); *Kerr v. Grand Foundries, Inc.*, 525 S.W.2d 783, 784[2] (Mo.App.1975).

It is unnecessary, for our limited purposes, to characterize the decedent's letter precisely as a "will" or a "codicil." A "will" has been defined as the properly executed declaration of its maker in regard to the disposition of his property upon his death. 3 Maus, Probate Law and Practice § 53 (1960). By the same authority, a codicil is a legally effective declaration of a testator's intent concerning the disposition of his estate, which declaration is made subsequent to the execution of a valid and subsisting will. Id. § 54. We are inclined to think the letter would be classified as a codicil, were it necessary to classify it; it modifies paragraph II of Wimmer's will dated December 12, 1977. In any case, by statute, the term "will" includes a codicil. Section 472.010(30), RSMo 1978, as amended Laws of Mo.1980, p. 449–50.

The substance of the defendant's sole point is that the letter of March 1, 1981, addressed to Mr. Long should have been given testamentary effect because it was executed and attested as required by § 474.320, RSMo 1978. Certainly it was intended to be testamentary; the words "when I expire" make it plain that the decedent intended the letter to take effect at his death. It could be argued that the word "wish," like the words "desire" and "request" are merely precatory and do not indicate a testamentary intent, *Thompson v. Smith*, 300 S.W.2d 404, 406 (Mo.1957), but such a construction has not been urged upon this court and we shall not pursue it. Neither will the court discuss the necessity of a formal attestation clause. It may be conceded that in some cases, "attestation" by "subscription" has been found to be sufficient.

The inescapable difficulty with the defendant's argument is that wills and codicils are not proof of title or right to possession until they are duly probated. Section 473.087, RSMo 1978. A will or codicil cannot take effect until it is probated, and it is not probated until the court having probate jurisdiction so declares by its judgment. *Graham v. Graham*, 297 Mo. 290, 300, 249 S.W. 37, 39[2] (1923).

The same is true of codicils. 3 Maus, Probate Law and Practice § 225. There is neither proof nor pretense that the letter to Mr. Long was ever presented to the probate court for admission to probate, and as the plaintiff notes, attachment to and incorporation to a pleading filed in the probate court does not constitute an application for probate of the will or codicil so attached. *Gillman v. Mercantile Trust Co., Nat. Ass'n*, 629 S.W.2d 441, 445–46[9] (Mo.App. 1981); *State v. Hensley*, 385 S.W.2d 820, 829 (Mo.App.1964).

With two exceptions not material here, every personal representative—executor or administrator—has a right and a duty to take possession of all the personal property of the decedent. Section 473.263.-1, RSMo 1978. The personal representative has a right to file a petition in the probate division to determine the right or title to assets, including money. Section 473.340.1. Further, even if the defendant has disposed of the property, as appears to be the case here, the court can enter a money judgment for the value of the property against the defendant, and in addition, a judgment for all losses, expenses and damages incurred by wrongful detention or transfer of the property. Section 473.340.-3. See, also 4 Maus, Probate Law and Practice § 869. There was no finding here that the decedent's money was wrongfully detained or disposed of, but it is admitted that it was paid to Ola Huckelby. It also stands admitted that decedent's money in the amount of $944.07 was in defendant's hands at the time the decedent expired.

We consider that the plaintiff was entitled to summary judgment and the judgment entered by the probate division is accordingly affirmed. Plaintiff's motion for damages on the ground that the appeal was frivolous is denied.

MAUS, P.J., and PREWITT, J., concur.