HOUSTON, Justice.
Allen W. Steele appeals from an order of the Circuit Court of Covington County dismissing, for lack of jurisdiction, his action contesting the document offered as the last will (and codicil) of Ira Eugene Steele. We reverse and remand.
The material facts of this case are best stated in the affidavit of Leland Enzor, which, in pertinent part, reads as follows:
“My name is Leland Enzor. On June 1, 1984, I was Probate Judge of Coving-ton County, Alabama, and had served in that office for many years. On April 23, 1984, C.J. Sullivan filed in the Probate Court of Covington County a Petition to probate the Last Will and Testament of Ira Eugene Steele, dated March 31,1975, attested by Charlotte J. Brown, Paula S. Tillman and Louise Eiland, and a Codicil to such Will dated November 5,1981, and attested by John N. Albritton, Thomas S. Mancuso and J. Theodore Jackson. On the same day I set the 1st day of June, *423 1984, at 10:00 A.M. as the day and time for hearing the Petition and gave notice of the day, time and place of the hearing to the heirs at law as listed in the Petition, including Allen W. Steele.
“At 10:00 A.M. on June 1, 1984, no contest had been filed to the Will and Codicil of Ira Eugene Steele being offered for probate and the matter came on for hearing before me. The Petition, Will and Codicil were presented to me, the witnesses whose testimony would establish the Will and Codicil were examined under oath and testified as to all facts required by law to be proved for the Will and Codicil to be admitted to probate, and the Will and Codicil were proved, all before the filing ^of any contest in the Probate Court. After the Will and Codicil had been proved, but while the testimony of the witnesses was being reduced to writing and a written Order admitting the Will and Codicil to probate was being prepared, and before such documents were signed, I was presented a document purporting to be a contest by Allen W. Steele of the Will and Codicil of Ira Eugene Steele and a motion that the contest be transferred by the Probate Court to the Circuit Court of Covington County for trial before a jury, together with a proposed Order transferring the contest to the Circuit Court. I marked the contest and motion filed and signed the Order transferring the contest to the Circuit Court.
“The contest was filed, and the Order transferring the contest to the Circuit Court was signed, after the Will and Codicil were proved by examination of the necessary witnesses, but before the witnesses’ testimony and the .order admitting the will and Codicil to probate were signed.”
The circuit court, relying upon the authority of Allen v. Pugh, 206 Ala. 10, 89 So. 470 (1921), found that it did not have jurisdiction to hear the contest, and ordered it stricken from its docket. The appellant contends that in so doing the circuit court erred to reversal. We agree.
Section 43-8-190, Code 1975, reads:
“A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must, on application of either party, be tried by a jury. (Code 1852, § 1634; Code 1867, § 1953; Code 1876, § 2317; Code 1886, § 1989; Code 1896, § 4287; Code 1907, § 6196; Code 1923, § 10625; Code 1940, T. 61, § 52; Code 1975, § 43-1-70.)” (Emphasis added.)
The jurisdiction of the probate court to entertain a proceeding contesting a will is statutory and limited, and after a will is probated, that jurisdiction ceases to exist. Section 43-8-190, supra; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941). The jurisdiction conferred upon the circuit court by § 43-8-198, Code 1975 (authorizing transfer), is also statutory and limited, and to warrant the exercise of that jurisdiction, a valid contest must be pending in the probate court when the order to transfer is entered. Ex parte Pearson, supra, (construing § 10636, Code 1923), a predecessor of § 43-8-198.
In Allen v. Pugh supra, the Court, construing § 6196, Code 1907, a predecessor of § 43-8-190, supra, stated:
“The probate of a will is defined to be:
“ ‘The proof before an officer authorized by law that the instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. 2 Bouv. Law Diet. 378.
*424 “And in providing for the contest of a will before the probate thereof, we think it is clear that the statute requires the filing of the contest before the examination of the witnesses whose testimony would establish the will, the word ‘probated’ being referable to the proving of the will on the day set therefor, rather than to the mere indorsement of the certificate of probate on the will as evidence of the fact of probate.... ”
The appellee argues that the contest was filed subsequent to the examination of the attesting witnesses and was, therefore, untimely.
However, the Court in Ex parte Pearson, supra, stated as follows:
“The jurisdiction of the Probate Court to entertain a proceeding contesting a will is a statutory and limited jurisdiction, and after the proceeding to probate the will has eventuated in a final decree admitting the will to probate the court is without jurisdiction to entertain a contest.”
In the more recent case of Cagle v. Reeves, 353 So.2d 787 (Ala.1977), the Court explained:
“Appellees say that no valid contests are pending in the probate court, because the statute providing for contest before probate requires filing the contest before examination of the witnesses whose testimony would establish the will. In this regard they rely upon the case of Allen v. Pugh, 206 Ala. 10, 89 So. 470 (1921). This court, in using [this emphasized] language in Allen, was merely illustrating that when it had previously reversed the probate court for denying probate of a will it was now saying that its former decision meant the will was probated on the date and occasion it was proved and on which it should have originally been admitted to probate....” [1]
*425 In the present case, it is without dispute that the contest was filed in the probate court subsequent to the examination of the attesting witnesses but prior to the entry of a final decree admitting the will to probate. As previously noted in Allen v. Pugh, supra, the term “probate,” when properly defined and strictly used, relates to proving and establishing a will before the officer or tribunal having the jurisdiction to determine its validity. However, as so used, it necessarily includes not only the evidence presented to the court, but also the judicial determination by the court, on that evidence, that the instrument is what it purports to be. In Hooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974), the Court quoted with approval from Brissie v. Craig:
“ 'In its true sense, the probate or proof of a will is the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased. (Citations omitted) Thus the probating or proving of wills involves the rejection of void scripts as well as the establishment of valid ones.’ ” (Emphasis added.)
232 N.C. 701, 62 S.E.2d 330 (1950).
See also Bradley v. Bradley, 119 Md. 645, 87 A. 390 (1913); Reynolds v. Central Health Care Centers, Inc., 669 S.W.2d 74 (Mo.Ct.App.1984), citing Graham v. Graham, 297 Mo. 290, 249 S.W. 37 (1923); In re Will of Lamb, 303 N.C. 452, 279 S.E.2d 781 (1981). Evén though the probate judge stated by affidavit that the will had, in fact, been proven and that he intended to enter an order admitting it to probate, our determination in cases such as this, regarding the timeliness of a contest in the probate court, should not be dependent upon such an affidavit. A final judgment is the official and authentic decision of a court of competent jurisdiction and its purpose is to resolve the respective rights and claims of the parties to an action therein litigated and submitted for its determination. Black’s Law Dictionary, page 755 (5th Ed.1979). Therefore, in providing for the contest of a will before the probate thereof, we hold that § 43-8-190, supra, requires the filing of the contest in the probate court before a final judgment, order, or decree is rendered admitting the will to probate.[2]
Because the contest was timely filed in the probate court in this case, the circuit court erred in striking it from its docket.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.

. In Allen v. Pugh, supra, the testator left as surviving next of kin, two nephews, Gross Scruggs and Meredith Pugh. Thereafter, Robert Allen, one of the beneficiaries named in the will, filed his petition for its probate in the Probate Court of Choctaw County, due notice of which was given to the nephews. Scruggs duly filed a contest of the will, in which Pugh did not join. Pending the contest, Scruggs died and the cause was revived and prosecuted by and in the name of his son, Joe Scruggs. On final hearing, the probate court found against the validity of the will and denied its admission to probate. On appeal to this Court, the probate court’s judgment was reversed, based upon the evidence, and the cause was remanded with directions to admit the will to probate. While this appeal was pending, Meredith Pugh died, leaving his son, Earl Pugh, surviving him. Earl Pugh filed a separate contest. This Court later considered an appeal in Pugh's case. In holding that he was not a qualified contestant of the will, this Court stated:
"It necessarily results that, after the original decree of the probate court, sustaining the contest and denying the probate of the will, Meredith Pugh was no longer eligible as a contestant in the probate court; and, a fortio-ri, he was not so eligible after the cause was appealed to and submitted for judgment in the Supreme Court. The appellate proceeding was but a continuation of the original, on the same evidence, leading to a judgment on the merits of the contest. That judgment was conclusive of the issue, and, under the mandate of the court, nothing remained for the probate court to do except to enter a formal certificate of probate, a purely ministerial duty. Leeper v. Taylor, 47 Ala. 221; Puryear v. Beard, 14 Ala. 121, 128. As held in Johnson v. Glasscock, 2 Ala. 519, the issue was not open to further contestation, and the cause would not be remanded to let in additional evidence.
“We conclude then that when Meredith Pugh died, i.e., after the submission of the appeal in the Supreme Court, his right to contest the will in the probate court had been effectually lost by its nonassertion, and thereafter he could, if living, have contested only in the chancery court under the provisions of section 6207 of the Code.
"The final concrete question therefore is, Did Meredith Pugh’s right to contest the will in chancery pass by descent cast to his son and heir, Earl E. Pugh, the sole complaining contestant in this cause?”
Noting that the right of contest is personal and not a property right and, consequently, cannot pass by transfer or descent, the Court went on to hold that because Earl Pugh did not acquire an interest in the will until after its probate, he was never authorized to become a contestant in the probate court. Thus, he was not within the class of persons designated as potential contestants in the circuit court by § 6207, Code 1907 (a predecessor of § 43-8-199, Code 1975).
Although the Court’s explanation of the language previously used in Allen appears as dictum in Cagle, the Cagle case clearly stands for the proposition that the contest of a will is *425 timely in the probate court if filed after the will is offered for, but before its admission to, probate. The Allen case was distinguished on the basis that the will in that case was deemed admitted to probate on the date that it was actually proven, whereas in Cagle, the will in question was never admitted to probate.

. This construction is strengthened by § 43-8-199, Code 1975, which allows for a contest to be filed in the circuit court within six months after a formal and regular probate of a will in the probate court. See Smith v. Bryant, 263 Ala. 331, 82 So.2d 411 (1955) (construing § 64, Tit. 61, Code 1940, a predecessor of § 43-8-199, supra)) Odom v. Odom, 272 Ala. 164, 130 So.2d 10 (1961); Wachter v. Davis, 215 Ala. 659, 111 So. 917 (1927) (construing § 10637, Code 1923, a predecessor of § 43-8-199. Section 43-8-199, reads as follows:
"Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated. (Code 1852, § 1654; Code 1867, § 1972; Code 1876, § 2336; Code 1886, § 2000; Code 1896, § 4298; Code 1907, § 6207; Code 1923, § 10637; Acts 1931, No. 733, p. 844; Code 1940, T. 61, § 64; Code 1975, § 43-1-79.)” (Emphasis added.)