Robert A. ESTERLY, Personal Representative of the Estate of Edith K. Wirth, Deceased, Petitioner-Respondent,

v.

Otis McGAUGHEY, Respondent-Appellant.

No. 14564.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 12, 1986.

R.A. Esterly, Esterly, Spradling & Checkett, Carthage, for petitioner-respondent.

Albert D. Johnston, Johnston & Carlton, Carthage, for respondent-appellant.

PREWITT, Chief Judge.

The personal representative of the estate of Edith K. Wirth, deceased, filed a "Petition For Discovery of Assets", claiming that Otis McGaughey was in possession of certain property belonging to Mrs. Wirth's estate. By answer McGaughey denied the allegations. Following nonjury hearing, the court found in favor of the personal representative for the recovery of a clothes washer-dryer combination, and certain items of jewelry. Otis McGaughey appeals, claiming the trial court erred in two respects.

Decedent and Otis McGaughey were living together at the time of decedent's death. McGaughey testified he owned the washer-dryer and denied that he had the jewelry. As there is no contention that the evidence was insufficient to support the trial court's finding that the washer-dryer and jewelry were assets of Mrs. Wirth's estate in McGaughey's possession, no further evidence is set out here.

McGaughey states in his first point that the trial court erred in allowing Robert A. Esterly, the personal representative of the estate, to testify because he was also acting as attorney for the estate at the hearing and could not serve both as an advocate and a witness. Esterly testified that McGaughey told him that he had Mrs.

Wirth's jewelry and "was going to keep it, that he considered it his." Though the attorney was a party, in his representative capacity, and in a sense was representing himself, it is not necessary to decide whether that changes the result.

Rule 4, DR 5–102(A), in effect at the time of the hearing, states what an attorney should do when, after being employed, he learns he ought to testify. Under that same rule, EC 5–9 and EC 5–10 discuss the problem further. Rule 4 has been changed effective January 1, 1986. Now, under Rule 4, see Rule 3.7.

■ Cases discussing DR 5–102(A) say that it discourages, but does not forbid, an attorney from testifying in a case he is actively trying. The cases state that the better practice is for trial counsel to avoid testifying but that such testimony is not ordinarily reversible error. See *Danforth v. Danforth*, 663 S.W.2d 288, 297 (Mo.App. 1983). See also *Menzi v. White*, 360 Mo. 319, 228 S.W.2d 700, 706 (1950); *Burgdorf v. Keeven*, 351 Mo. 1003, 174 S.W.2d 816, 819 (1943).

■ Although the testimony may have been prejudicial to appellant, it was relevant and was not erroneous because the witness was an attorney. It is possible that Esterly thought he would not have to testify but decided he should after McGaughey denied that he told Esterly he had the jewelry and was going to keep it. Except where a prosecuting attorney testified, a situation involving additional considerations not ordinarily present in civil cases, see *State v. Hayes*, 473 S.W.2d 688, 692 (Mo.1971), no Missouri cases are cited to us and we have found none where reversible error occurred because an attorney testi-

fied. We see no exceptional circumstances here that would make the testimony reversible error. Point one is denied.

■ In his remaining point McGauhey states that the trial court erred in not granting a new trial because the court had failed to determine the value of the estate's property in the possession of McGaughey. As authority for this contention McGaughey cites *Reynolds v. Central Health Care Centers*, 669 S.W.2d 74 (Mo.App. 1984), and § 473.340, RSMo Supp.1984. His reliance on these authorities is misplaced.

Section 473.340, RSMo Supp. 1984, allows certain persons interested in an estate to file a petition "seeking determination of the title, or right of possession thereto, or both" of property held by another which the petitioner claims is an asset of the estate. Subsection 3 of that section provides for the findings of the court and for the judgment to be entered. It requires "a money judgment" for the value "If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same". That subsection is set out in full below.* Absent a finding of transfer or other disposition of the assets, the statute does not require a "money judgment".

*Reynolds* merely points out that "if the defendant has disposed of the property, ... the court can enter a money judgment for the value of the property against the defendant". 669 S.W.2d at 76. It does not hold that a "money judgment" is always required.

Otis McGaughey denied that he had the jewelry, but the court apparently found otherwise. There was no evidence that he

* 3. Upon a trial of the issues, the court shall determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the person of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

had transferred or otherwise disposed of it and the court made no finding to that effect. With no such determination, § 473.-340.3 does not require that the value of the property be found. The second point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.